UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
BRADLEY BEENEY,

                Plaintiff,

     - against -

INSIGHTEC, INC., AMIT SOKOLOV, and
NEDA DHAWAN,

                Defendants.
------------------------------------------------------------x

13 Civ. 8022

ECF

**ANSWER TO COMPLAINT**

Defendant InSightec, Inc. ("InSightec" or the "Company"), by and through its attorneys, Epstein Becker & Green, P.C., answers plaintiff Bradley Beeney's Complaint (the "Complaint") as follows:

## AS TO PARTIES AND NATURE OF ACTION

1. Denies the allegations contained in paragraph 1 of the Complaint, except admits that InSightec hired plaintiff based on his purported qualifications and lacks knowledge or information sufficient to ascertain the truth of the allegation that he is a gay man with a domestic partner.

2. Denies the allegations contained in paragraph 2 of the Complaint.

3. Denies the allegations contained in paragraph 3 of the Complaint, except lack knowledge or information sufficient to ascertain the truth of the allegation that plaintiff is a resident and citizen of the City, County, and State of New York.

4. The allegations contained in paragraph 4 of the Complaint constitute a legal conclusion to which no response is required. To the extent any further response is required,

InSightec lacks knowledge or information sufficient to ascertain the truth of the allegation that plaintiff is a gay man with a domestic partner.

5. Admits the allegations contained in paragraph 5 of the Complaint.

6. The allegations contained in paragraph 6 of the Complaint are not directed toward InSightec and therefore no response is required. To the extent any further response is required, InSightec admits the allegations contained in paragraph 6.

7. Denies the allegations contained in paragraph 7 of the Complaint.

8. Denies the allegations contained in paragraph 8 of the Complaint.

9. Admits the allegations contained in paragraph 9 of the Complaint.

10. Denies the allegations contained in paragraph 10 of the Complaint, except admits that Ms. Dhawan was employed by InSightec and participated in training and supervising plaintiff and in the decision to terminate his employment.

11. Denies the allegations contained in paragraph 11 of the Complaint, except admits that Ms. Dhawan supervised plaintiff during his employment.

12. Denies the allegations contained in paragraph 12 of the Complaint.

13. Denies the allegations contained in paragraph 13 of the Complaint.

14. Denies the allegations contained in paragraph 14 of the Complaint.

15. Denies the allegations contained in paragraph 15 of the Complaint.

### AS TO VENUE AND JURISDICTION

16. The allegations contained in paragraph 16 of the Complaint constitute a legal conclusion to which no response is required. To the extent any further response is required, InSightec admits that the Complaint attempts to plead diversity of citizenship as a basis of the Court's jurisdiction.

17. Denies the allegations contained in paragraph 17 of the Complaint.

## AS TO JURY DEMAND

18. The allegations contained in paragraph 18 of the Complaint constitute a demand for a jury trial to which no response is required.

## AS TO STATEMENT OF FACTS

19. Denies the allegations contained in paragraph 19 of the Complaint, except admits that InSightec is involved in the business, in part, of manufacturing and selling a technological device for conducting Magnetic Resonance guided—Focused Ultrasound Surgery.

20. Denies the allegations contained in paragraph 20 of the Complaint.

21. Denies the allegations contained in paragraph 21 of the Complaint, except admits that plaintiff claimed to be an engineer with a background in MRI and radiology.

22. Lacks knowledge or information sufficient to ascertain the truth of the allegations contained in paragraph 22 of the Complaint, except admits that plaintiff responded to an ad posted on LinkedIn.

23. Admits the allegations contained in paragraph 23 of the Complaint.

24. Denies the allegations contained in paragraph 24 of the Complaint, except admits that Ms. Dhawan participated in plaintiff's training.

25. Denies the allegations contained in paragraph 25 of the Complaint, except admits that Mr. Sokolov conducted a telephone interview of plaintiff from Israel.

26. Denies the allegations contained in paragraph 26 of the Complaint, except admits that the Company informed plaintiff that the position required relocation.

27. Denies the allegations contained in paragraph 27 of the Complaint, except admits that the Company made plaintiff's moving to Texas part of the conditions of his employment.

28. Denies the allegations contained in paragraph 28 of the Complaint, except

admits that during the interview process, the Company conveyed to plaintiff that if he was hired he would be expected to travel to Israel for a period of training.

29. Admits the allegations contained in paragraph 29 of the Complaint.

30. Admits the allegations contained in paragraph 30 of the Complaint.

31. Denies the allegations contained in paragraph 31 of the Complaint, except admits that in February 2013, InSightec provided plaintiff with an Employment Agreement (the "Employment Agreement"), which plaintiff signed and returned to the Company.

32. Denies the allegations contained in paragraph 32 of the Complaint, except refer the Employment Agreement for its contents.

33. Denies the allegations contained in paragraph 33 of the Complaint.

34. Denies the allegations contained in paragraph 34 of the Complaint.

35. Admits the allegations contained in paragraph 35 of the Complaint.

36. Denies the allegations contained in paragraph 36 of the Complaint, except admits that he met with Pat Ward, a Company employee.

37. Denies the allegations contained in paragraph 37 of the Complaint.

38. Denies the allegations contained in paragraph 38 of the Complaint.

39. Denies the allegations contained in paragraph 39 of the Complaint.

40. Denies the allegations contained in paragraph 40 of the Complaint, except admit that Ms. Dhawan mentioned that there would be training in Israel at some point.

41. Denies the allegations contained in paragraph 41 of the Complaint, except admits that Ms. Dhawan asked plaintiff more than once when he would be moving to Dallas.

42. Denies the allegations contained in paragraph 42 of the Complaint.

43. Denies the allegations contained in paragraph 43 of the Complaint.

FIRM:24241140

44. Denies the allegations contained in paragraph 44 of the Complaint.

45. Denies the allegations contained in paragraph 45 of the Complaint.

46. Denies the allegations contained in paragraph 46 of the Complaint, except admits that during March 2013, plaintiff worked remotely.

47. Denies the allegations contained in paragraph 47 of the Complaint.

48. Denies the allegations contained in paragraph 48 of the Complaint.

49. Denies the allegations contained in paragraph 49 of the Complaint.

50. Denies the allegations contained in paragraph 50 of the Complaint.

51. Denies the allegations contained in paragraph 51 of the Complaint.

52. Denies the allegations contained in paragraph 52 of the Complaint.

53. Denies the allegations contained in paragraph 53 of the Complaint.

54. Denies the allegations contained in paragraph 54 of the Complaint, except admits that the Company provided plaintiff with a laptop for business use.

55. Denies the allegations contained in paragraph 55 of the Complaint, except admits that plaintiff had some issues with the laptop.

56. Denies the allegations contained in paragraph 56 of the Complaint, except admits that plaintiff mentioned having laptop problems to Ms. Dhawan.

57. Denies the allegations contained in paragraph 57 of the Complaint.

58. Denies the allegations contained in paragraph 58 of the Complaint.

59. Denies the allegations contained in paragraph 59 of the Complaint.

60. Denies the allegations contained in paragraph 60 of the Complaint.

61. Denies the allegations contained in paragraph 61 of the Complaint.

62. Denies the allegations contained in paragraph 62 of the Complaint.

FIRM:24241140

63. Denies the allegations contained in paragraph 63 of the Complaint.

64. Denies the allegations contained in paragraph 64 of the Complaint, except admits that Ms. Dhawan sent plaintiff a list of apartments near the office.

65. Admits the allegations contained in paragraph 65 of the Complaint.

66. Admits the allegations contained in paragraph 66 of the Complaint.

67. Denies the allegations contained in paragraph 67 of the Complaint.

68. Admits the allegations contained in paragraph 68 of the Complaint.

69. Denies the allegations contained in paragraph 69 of the Complaint, except admits that after a training session with the customer, Mr. Sokolov spoke with plaintiff.

70. Denies the allegations contained in paragraph 70 of the Complaint, except admits that plaintiff commented to Mr. Sokolov about training in Israel.

71. Denies the allegations contained in paragraph 71 of the Complaint.

72. Denies the allegations contained in paragraph 72 of the Complaint.

73. Lacks knowledge or information sufficient to ascertain the truth of the allegation the allegations contained in paragraph 73 of the Complaint.

74. Denies the allegations contained in paragraph 74 of the Complaint, except admits that on or about May 4, 2013, plaintiff reported that his laptop was not working.

75. Denies the allegations contained in paragraph 75 of the Complaint.

76. Denies the allegations contained in paragraph 76 of the Complaint.

77. Denies the allegations contained in paragraph 77 of the Complaint, except admits that plaintiff was provided with a different laptop by Ms. Dhawan.

78. Denies the allegations contained in paragraph 78 of the Complaint.

FIRM:24241140

79. Denies the allegations contained in Paragraph 79 of the Complaint, except lacks knowledge or information sufficient to ascertain the truth of the allegation that plaintiff "continued to ask [Ms]. Dhawan for work."

80. Lacks knowledge or information sufficient to ascertain the truth of the allegations contained in paragraph 80 of the Complaint.

81. Denies the allegations contained in paragraph 81 of the Complaint, except admits that during a telephone conference with plaintiff in May 2013, Ms. Dhawan informed him that she was recommending the termination of his employment.

82. Lacks knowledge or information sufficient to ascertain the truth of the allegations contained in paragraph 82 of the Complaint.

83. Admits the allegations contained in paragraph 83 of the Complaint.

## AS TO FIRST CAUSE OF ACTION

Sexual Orientation Discrimination under NYCHRL § 8-107(1)(a) against All Defendants

84. Incorporates by reference its answers to each of the paragraphs referenced in Paragraph 84 of the Complaint as if set forth fully herein.

85. The allegations contained in paragraph 85 of the Complaint constitute a legal conclusion to which no response is required. To the extent any further response is required, InSightec denies that it engaged in unlawful discriminatory practices.

86. The allegations contained in paragraph 86 of the Complaint constitute a legal conclusion to which no response is required. To the extent any further response is required, InSightec lacks knowledge or information sufficient to ascertain the truth of the allegation that plaintiff is gay.

7

87. Denies the allegations contained in paragraph 87 of the Complaint, except admits that at the time it made an offer of employment to plaintiff, InSightec believed that he was an appropriately qualified candidate for the position of Clinical Applications Engineer.

88. Denies the allegations contained in paragraph 88 of the Complaint.

89. Denies the allegations contained in paragraph 89 of the Complaint.

90. Denies the allegations contained in Paragraph 90 of the Complaint.

91. The allegations contained in paragraph 91 of the Complaint constitute a legal conclusion to which no response is required. To the extent any further response is required, InSightec denies that it engaged in unlawful discriminatory practices.

92. Denies the allegations contained in paragraph 92 of the Complaint, except admits that Ms. Dhawan was plaintiff's supervisor.

93. The allegations contained in paragraph 93 of the Complaint constitute a legal conclusion to which no response is required. To the extent any further response is required, InSightec denies that it engaged in unlawful discriminatory practices.

94. The allegations contained in paragraph 94 of the Complaint constitute a legal conclusion to which no response is required. To the extent any further response is required, InSightec denies that it engaged in unlawful discriminatory practices.

95. Denies the allegations contained in paragraph 95 of the Complaint.

96. Denies the allegations contained in paragraph 96 of the Complaint.

## AS TO SECOND CAUSE OF ACTION

Partnership Status Discrimination under NYCHRL § 8-107(1)(a) against All Defendants

97. Incorporates by reference its answers to each of the paragraphs referenced in paragraph 97 of the Complaint as if set forth fully herein.

98. The allegations contained in paragraph 98 of the Complaint constitute a legal conclusion to which no response is required. To the extent any further response is required, InSightec denies that it engaged in unlawful discriminatory practices.

99. The allegations contained in paragraph 99 of the Complaint constitute a legal conclusion to which no response is required. To the extent any further response is required, InSightec lacks knowledge or information sufficient to ascertain the truth of the allegation that plaintiff has been in a same sex domestic partnership.

100. Denies the allegations contained in paragraph 100 of the Complaint, except admits that at the time it made an offer of employment to plaintiff, it believed that he was an appropriately qualified candidate for the position of Clinical Applications Engineer.

101. Denies the allegations contained in paragraph 101 of the Complaint.

102. Denies the allegations contained in paragraph 102 of the Complaint.

103. Denies the allegations contained in paragraph 103 of the Complaint, except admit that InSightec terminated plaintiff's employment.

104. Denies the allegations contained in paragraph 104 of the Complaint.

105. The allegations contained in paragraph 105 of the Complaint constitute a legal conclusion to which no response is required. To the extent any further response is required, InSightec denies that it engaged in unlawful discriminatory practices.

106. Denies the allegations contained in paragraph 106 of the Complaint, except admits that Ms. Dhawan was plaintiff's supervisor.

107. The allegations contained in paragraph 107 of the Complaint constitute a legal conclusion to which no response is required. To the extent any further response is required, InSightec denies that it engaged in unlawful discriminatory practices.

FIRM:24241140

108. The allegations contained in paragraph 108 of the Complaint constitute a legal conclusion to which no response is required. To the extent any further response is required, InSightec denies that it engaged in unlawful discriminatory practices.

109. Denies the allegations contained in paragraph 109 of the Complaint.

110. Denies the allegations contained in paragraph 110 of the Complaint.

AS TO THIRD CAUSE OF ACTION

Withholding of Training under NYCHRL § 8-107(2)(b) against All Defendants

111. Incorporates by reference its answers to each of the paragraphs referenced in Paragraph 111 of the Complaint as if set forth fully herein.

112. The allegations contained in paragraph 112 of the Complaint constitute a legal conclusion to which no response is required. To the extent any further response is required, InSightec denies that it engaged in unlawful discriminatory practices.

113. Denies the allegations contained in Paragraph 113 of the Complaint.

114. Denies the allegations contained in Paragraph 114 of the Complaint.

115. Denies the allegations contained in Paragraph 115 of the Complaint.

AS TO FOURTH CAUSE OF ACTION

Unpaid Overtime Wages under the FLSA against All Defendants

116. Incorporates by reference its answers to each of the paragraphs referenced in Paragraph 116 of the Complaint as if set forth fully herein.

117. The allegations contained in paragraph 117 of the Complaint constitute a legal conclusion to which no response is required. To the extent any further response is required, InSightec denies that it violated the Fair Labor Standards Act (the "FLSA").

118. The allegations contained in paragraph 118 of the Complaint constitute a legal conclusion to which no response is required. To the extent any further response is required, InSightec denies that it violated the FLSA.

119. The allegations contained in paragraph 119 of the Complaint constitute a legal conclusion to which no response is required. To the extent any further response is required, InSightec denies that it violated the FLSA.

120. Denies the allegations contained in paragraph 120 of the Complaint.

121. Denies the allegations contained in paragraph 121 of the Complaint.

122. Denies the allegations contained in paragraph 122 of the Complaint.

123. Denies the allegations contained in paragraph 123 of the Complaint.

### AS TO FIFTH CAUSE OF ACTION

Unpaid Overtime Wages under the N.Y.LAB.LAW against Defendant InSightec

124. Incorporate by reference their answers to each of the paragraphs referenced in Paragraph 124 of the Complaint as if set forth fully herein.

125. The allegations contained in paragraph 125 of the Complaint constitute a legal conclusion to which no response is required. To the extent any further response is required, InSightec denes that it violated the New York Labor Law (the "NYLL").

126. The allegations contained in paragraph 126 of the Complaint constitute a legal conclusion to which no response is required. To the extent any further response is required, InSightec denes that it violated the NYLL.

127. Denies the allegations contained in paragraph 127 of the Complaint.

128. Denies the allegations contained in paragraph 128 of the Complaint.

FIRM:24241140

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff has failed to state a claim under the FLSA and the NYLL as InSightec has fully paid all wages to plaintiff for all hours purportedly worked.

### THIRD DEFENSE

InSightec has a good faith and reasonable basis to conclude that it has not violated the FLSA and the NYLL.

### FOURTH DEFENSE

InSightec is not liable under the FLSA and the NYLL as plaintiff is an exempt employee under the statute and applicable regulations.

### FIFTH DEFENSE

Plaintiff's claims under the FLSA and NYLL are barred as to all time periods during which he was engaged in activities that were non-compensable, including but not limited to taking breaks, attending to personal business, or traveling to his places of employment.

### SIXTH DEFENSE

Plaintiff has failed to mitigate his damages, if any.

### SEVENTH DEFENSE

All actions taken by defendants with respect to plaintiff's employment were nondiscriminatory, based on sound business judgment, neither arbitrary nor capricious, and undertaken in good faith and in compliance with all applicable laws.

FIRM:24241140

## EIGHTH DEFENSE

All or part of plaintiff's requests for liquidated damages and/or attorneys' fees are not recoverable.

## NINTH DEFENSE

Plaintiff's claims are barred and/or his damages limited by the after-acquired evidence doctrine.

## TENTH DEFENSE

Any damages that plaintiff may recover are offset by a $15,000 debt that plaintiff has to InSightec for his failure to repay a sign-on loan in that amount.

WHEREFORE, InSightec respectfully requests that the Court deny the relief sought by plaintiff and dismiss the Complaint in its entirety, and award it its attorneys' fees and costs incurred in defending this action, and such other and further relief as this Court may deem just and proper.

Dated: New York, New York
      January 28, 2014

EPSTEIN BECKER & GREEN, P.C.

By: s/David W. Garland
    David W. Garland
250 Park Avenue
New York, New York 10177-1211
(212) 351-4500
*Attorneys for Defendant*
*InSightec, Inc.*

To:   Walker G. Harman, Jr., Esq.
       THE HARMAN FIRM, PC
       220 West 57th Street, Suite 900
       New York, New York 10019
       (212) 425-2600
       *Attorneys for Plaintiff*

FIRM:24241140