**EPSTEIN
BECKER
GREEN**

Attorneys at Law

David W. Garland
Tel: 212.351.4708
Fax: 212.878.8708
dgarland@ebglaw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 1/28/14

A pre-motion conference will be held on February 21, 2014 at 11:00 am. Plaintiff is directed to submit a written response not longer than 3 pages by February 14, 2014.
SO ORDERED

HON. EDGARDO RAMOS, USDJ
1/28/2014

January 28, 2014

**VIA ECF**

Honorable Edgardo Ramos,
United States District Judge
United States Courthouse
40 Foley Square
New York, New York 10007

> Re: **Bradley Beeney v. InSightec, Inc., et al.**
> **Case No. 13 Civ 8022**

Dear Judge Ramos:

This firm represents defendants InSightec, Inc. ("InSightec"), Amit Sokolov, and Neha Dhawan in the above-captioned matter. Pursuant to Your Honor's Individual Practices, defendants respectfully request a pre-motion conference to obtain leave to file a motion pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1404(a) to dismiss the case or transfer it to the United States District Court for the Northern District of Texas, a motion under Rule 12(b)(2) to dismiss the Complaint against individual defendants for lack of personal jurisdiction, and a motion under Rule 12(b)(5) to dismiss the Complaint against defendant Sokolov for insufficient service of process.

1. **Case Overview**

According to the Complaint, plaintiff Bradley Beeney is a resident of the City, County and State of New York. (Compl. ¶ 3). In February 2013, InSightec hired him to work at its offices in Dallas, Texas. (Id. at ¶ 27). He was interviewed for his position by defendant Sokolov, a citizen of Israel. (Id. at ¶ 30). He was supervised by defendant Dhawan, a citizen and resident of Texas and an employee of InSightec. (Id. at ¶¶ 24, 29). The Complaint alleges that during plaintiff's employment, InSightec failed to pay him overtime, in violation of the Fair Labor Standards Act and New York Labor Law. The Complaint also alleges that plaintiff was denied training and discharged in May 2013 on the basis of his sexual orientation and partnership status, in violation of the New York City Human Rights Law.

2. **Motion to Dismiss or Transfer**

The Complaint asserts that venue lies in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this district. That

Honorable Edgardo Ramos
January 28, 2014
Page 2

assertion, however, is belied by the allegations pleaded in the Complaint, including that defendants (a) interviewed plaintiff in person in Dallas, Texas (Compl. ¶¶ 29-30); (b) hired him to work in Dallas as "a condition of his employment" (Id. at ¶¶ 27, 31); (c) gave him a week of training in Dallas following his hire (Id. at ¶ 35); (d) allegedly became aware of his sexual orientation and partnership status while he was in Dallas (Id. at ¶¶ 42-43); (e) allegedly "[r]efused and failed to schedule Mr. Beeney for sufficient on-site appointments" in Dallas (Id. at ¶ 89); and (f) made the decision to terminate his employment in Texas (Id. at ¶¶ 80-81). Further, all computation and processing of payments owed to the plaintiff occurred at InSightec. Accordingly, Northern District of Texas – not this district – is the proper venue under § 1391(b)(2), and the Court should dismiss or transfer the case for improper venue.

Further, the case should be transferred to the Northern District of Texas under 28 U.S.C. § 1404(a). Section 1404(a) permits a transfer to a different forum "for the convenience of the parties and witnesses, [and] in the interest of justice" when "it might have been brought" there. Oparaji v. New York City Dep't of Educ., 172 F. App'x. 352, 354 (2d Cir. 2006). An action might have been brought in another forum if, at the time it was originally filed, "the transferee forum would have had personal jurisdiction over the defendants . . . and if venue properly lies there." G. Angel Ltd. V. Camper & Nicholsons USA, Inc., 2008 U.S. Dist. LEXIS 9442, at *3 (S.D.N.Y. 2008). The Northern District of Texas would have personal jurisdiction over defendants InSightec and Dhawan as they reside there and over defendant Sokolov under the Texas long arm statute. As noted above, venue is proper because a substantial part of the events giving rise to plaintiff's claims occurred in Dallas.

Transfer is also warranted for the convenience of the parties and witnesses and in the interest of justice. While several factors are relevant to the court's analysis, the convenience of party and nonparty witnesses as "the single most important factor in the analysis of whether one forum is more appropriate that a competing forum" favors transfer to the Northern District of Texas. See 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 134 (S.D.N.Y. 1994). InSightec is located in Dallas and plaintiff interacted with its staff there, including defendant Dhawan, who is aware of plaintiff's performance and was involved in the decision to terminate his employment. Other witnesses located in Dallas include Patricia Ward, InSightec's salary and benefits manager with whom plaintiff interacted regarding his benefits (Complaint, ¶ ¶ 36-39); Nadir Alikacem, InSightec's VP Global Regulatory Affairs and CRO, who interviewed plaintiff and explained to him the company's expectations; and Raquel Alashoor, Office and Logistics Manager, who has knowledge of plaintiff's performance. For all these reasons, the Northern District of Texas is the more convenient forum.

### 3. Lack Of Personal Jurisdiction Over Defendants Sokolov And Dhawan

If the Court does not dismiss the Complaint for improper venue or transfers it to the proper venue, then it should dismiss the case against the individual defendants because it lacks personal jurisdiction over them. "Three requirements must be satisfied for a federal court to have personal jurisdiction: (1) the plaintiff's service of process upon the defendant must have

FIRM:24474628

Honorable Edgardo Ramos
January 28, 2014
Page 3

been procedurally proper; (2) there must be a statutory basis for personal jurisdiction that renders such service of process effective; and (3) the exercise of personal jurisdiction must comport with constitutional due process principles." Sanderson v. Horse Cave Theatre, 76, 881 F. Supp. 2d 493, 503 (S.D.N.Y. 2012) (internal quotations omitted).

Here, the Court does not have personal jurisdiction over the individual defendants under the New York long arm statute (New York Civil Practice Law and Rule ("CPLR") 302). CPLR 302 permits courts to exercise personal jurisdiction over a non-domiciliary if he "[t]ransacts any business within the state or contract anywhere to supply goods or services in the state, or "commits a tortious act without the state causing injury to person or property within the state" and either "regularly does or solicits business, . . . derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." (CPLR 308(a)(1), (3)). But neither Mr. Sokolov nor Ms. Dhawan in their individual capacity transacted, conducted or solicited business in New York or derived substantial revenue from goods used or consumed or services rendered in New York. Accordingly, they cannot be subject to a suit in New York under CPLR 302(a)(1) or 302(a)(3).

Additionally, Mr. Sokolov was not properly served with the Summons and Complaint. Service on him had to satisfy the requirement of CPLR 308. But plaintiff served the Summons and Complaint on "a person of suitable age" other than Mr. Sokolov at InSightec's offices in Dallas per CPLR 308(2) (and subsequently mailed same to Mr. Sokolov at the same address), when Mr. Sokolov is not an employee of InSightec, Inc. (he is employed by InSightec, Ltd., its Israeli parent company). He was therefore not properly served at his actual place of business as required under CPLR 308(2) and the Complaint against him should be dismissed.

### 4. Conclusion

Based on the foregoing, defendants submit that they have identified substantial meritorious grounds for the dismissal or transfer of the case to the Northern District of Texas as well as for the dismissal of the Complaint against the individual defendants. InSightec therefore respectfully requests a pre-motion conference to discuss the filing of its motions.

Respectfully submitted,

/s/ David W. Garland
David W. Garland

DWG:kb
cc:   Ronnie Silverberg, Esq. (via ECF)

FIRM:24474628