# THE HARMAN FIRM, PC

ATTORNEYS & COUNSELORS AT LAW

1776 BROADWAY | SUITE 2030 | NEW YORK CITY 10019

TELEPHONE 212.425.2600 | FAX 212.202.3926

WWW.THEHARMANFIRM.COM

February 13, 2014

**VIA ECF**
Hon. George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

    Re:    *Beeney v. InSightec, Inc. et al.*
             **13 CV 8022 (GBD) (S.D.N.Y.)**

Dear Judge Daniels:

We represent Plaintiff Bradley Beeney in the above-referenced employment discrimination action, who was fired when his employers found out that he is gay and has a male domestic partner.

Pursuant to Your Honor's January 28, 2014 endorsement of Defendants' January 28, 2014 letter (Docket Entry 11), Plaintiff respectfully submits his response to Defendants' request for a pre-motion conference. Defendants' intend to move for an order to transfer the action, and to dismiss some of Mr. Beeney's claims for a purported lack of personal jurisdiction and insufficient service of process over the individual claims. Mr. Beeney respectfully submits that his case should remain in the Southern District of New York, and that both personal jurisdiction and the requirements for service of process have been satisfied.

## I.    The Southern District of New York is the Proper Venue for This Case.

Defendants' intended motion to transfer would be largely frivolous and should be denied because it would unduly burden and unfairly prejudice Mr. Beeney. In determining whether to grant a motion to transfer venue, the courts carry out a fact-intensive analysis considering:

    (i)    The locus of operative facts;

    (ii)    The convenience of witnesses;

    (iii)    The relative means of the parties; and

    (iv)    The forum's familiarity with the governing law.

See *800-Flowers v. Intercont'l Florist*, 860 F. Supp. 128, 133 (S.D.N.Y. 1994); see also *Atl. Recording Corp. v. Project Playlist*, 603 F. Supp. 2d 690, 696–97 (S.D.N.Y. 2009). Because the courts balance these factors on equitable grounds, they strongly consider the plaintiff's choice of forum and often refuse to grant a transfer unless the factors strongly weigh in favor of the moving party. *800-Flowers* at 135; *G. Angel, Ltd. v. Camper & Nicholsons USA*, 06 CV 3495 (PKL), 2008 WL 351660 at *4, 2008 U.S. Dist. LEXIS 9442 at *11 (S.D.N.Y. Feb. 8, 2008).

Hon. George B. Daniels
February 13, 2014
Page 2 of 3

The Southern District has identified that there is disparity between the parties where an individual sues a corporation. *See 800-Flowers* at 153. That is exactly what happened here; Mr. Beeney, of modest means, sued a corporation, with substantially greater means.

Here, most of these factors weigh heavily in favor of Mr. Beeney. A substantial part of the acts took place in New York City. Mr. Beeney received his official job offer in New York, worked for Defendants from his home in the city and State of New York, and he incurred financial damages and suffered severe emotional distress in the City and State of New York. Compl. ¶¶ 14, 17, 70, 82. In fact, Mr. Beeney successfully plead that New York is a locus of operative facts while pleading a violation of the New York City Human Rights Law, which requires that the actual impact of the discriminatory action be felt within the City of New York. *Id*. ¶¶ 95, 109, 114. *See Int'l Healthcare Exch. v. Global Healthcare Exch.*, 470 F. Supp. 2d 345, 362 (S.D.N.Y. 2007); *see also Rohn Padmore v. LC Play*, 679 F. Supp. 2d 454, 462 (S.D.N.Y. 2010) (citing *Iwankow v. Mobil Corp.*, 150 A.D.2d 272, 274, 541 N.Y.S.2d 428, 429 (N.Y. App. Div. 1st Dep't 1989)); *Popa v. PricewaterhouseCoopers*, 08 CV 8138 (LTS)(KNF), 2009 WL 2524625 at *6, 2009 U.S. Dist. LEXIS 72574 at *18–19 (S.D.N.Y. Aug. 14, 2009).

Additionally, Mr. Beeney's selected forum does not inconvenience witnesses or non-parties because depositions of those witnesses may be conducted in the state of Texas if necessary. As for the rest of the litigation, Plaintiff, his attorneys and Defendants' attorneys are all located in New York City. Defendants' intended motion should also be denied because as an individual suing a corporation, Mr. Beeney's means to pursue this action are minute in comparison to Defendants'. By contrast, the corporation has substantial financial resources and has an insurance policy covering defense costs. As is typical in employment discrimination cases, this firm is prosecuting Plaintiff's action on a contingency basis. Moreover, a transfer would unduly and unreasonably prejudice Mr. Beeney by forcing him to incur greater legal costs and expenses. These additional costs may jeopardize his ability to continue this lawsuit.

Finally, Defendants' intended motion to transfer should be denied because this Court is more familiar with the governing law. Neither Texas nor Dallas have laws prohibiting discrimination based on sexual orientation and partnership status; New York City does. Because Mr. Beeney worked in New York and he sued Defendants under local statutes, a New York court and New York City jury should preside over his claims. Given that none of the other factors of the venue-transfer analysis weigh greatly in favor of Defendants, granting Defendants' obstructive motion to transfer would severely prejudice Mr. Beeney and deprive him of his right to seek redress for Defendants' egregious discriminatory actions.

## II.   The Southern District of New York has Personal Jurisdiction over Defendants Sokolov and Dhawan.

New York courts are at liberty to exercise personal jurisdiction over any non-domiciliary who transacts any business within the state in person or via an agent. New York Civil Practice Law and Rule (C.P.L.R.) 302(a). Both individually named Defendants, Amit Sokolov and Neha Dhawan, conducted business in the state of New York in their individual capacity by hiring and employing a New York resident, assigning him tasks, and directing him to produce work from within the city of New York. Furthermore, Defendants transacted business in New York with

Hon. George B. Daniels
February 13, 2014
Page 3 of 3

Mr. Beeney via telephone calls, videoconferences, and email exchanges, from February to May 2013. Defendants also sent computer equipment to Mr. Beeney in New York so that he could complete tasks, and paid him while he was working in New York.

Concerning service of process, Defendant Sokolov was properly served with the Summons and Complaint, even if Defendants claim that he is not an employee of Defendant InSightec, Inc. An individual may be served at his or her actual place of business. *Id*. The Southern District has previously established that the "actual place of business" is a location where the person regularly transacts business or is present with regularity. *See Underwood v. Shukat*, 01 CV 786 (HB), 2002 WL 1315597, 2002 U.S. Dist. LEXIS 10778 (S.D.N.Y. June 14, 2002) (citing *DiGiuseppe v. DiGiuseppe*, 70 Misc. 2d 188, 189, 333 N.Y.S.2d 245, 247 (N.Y. Civ. Ct. 1972)). Here, Defendant Sokolov was Mr. Beeney's Global Clinical Applications Manager and had the power to hire and fire, supervise, discipline, and control employees of Defendant InSightec, Inc. as well as to maintain their employment records. The offices of InSightec, Inc. qualify as Defendant Sokolov's actual place of business within the meaning of the state's rules because Defendant Sokolov had a strong and regular presence at InSightec, Inc. and regularly engaged in business transactions at that location.

Moreover, Defendants' letter requesting the Pre-Motion Conference clearly states that Defendants' counsel represents all three (3) Defendants in this action. To that end, only the corporate Defendant has submitted an answer to the Complaint. We respectfully request that the Court order answers from the two (2) other Defendants; responses were due December 31, 2013. *See* Docket Entries 3 and 5.

We thank the Court for its time and attention to this matter.

Respectfully submitted,
THE HARMAN FIRM, PC


  s/   Walker G. Harman, Jr.
Walker G. Harman, Jr.


cc:     David W. Garland, Esq. (via ECF)
        Ronnie L. Silverberg, Esq. (via email, rsilverberg@theharmanfirm.com)