UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
BRADLEY BEENEY,    :   13 Civ. 8022
                   :
         Plaintiff, :
                   :   **ECF**
    - against -    :
                   :   **DECLARATION OF**
INSIGHTEC, INC., AMIT SOKOLOV, and : **NEHA DHAWAN**
NEHA DHAWAN,       :
                   :
         Defendants. :
------------------------------------- x

I, Neha Dhawan, declare and state as follows:

    1.    I am employed by InSightec, Inc ("InSightec") as a Clinical Applications Manager; I have been employed by InSightec since July 2009.  I have personal knowledge of the facts set forth herein.

    2.    I currently reside in Plano, Texas.

    3.    During Bradley Beeney's employment with InSightec, I worked as a Clinical Applications Engineer at InSightec's Dallas office.  I was and still am paid by InSightec, and I received and continue to receive my paycheck from InSightec at its Dallas, Texas office.

    4.    Before InSightec hired Mr. Beeney, I interviewed him by phone from Dallas.  After the phone interview, I interviewed him in person in Dallas.  I recommended his hiring, also from my office in Dallas.

    5.    I was responsible for Mr. Beeney's training throughout his employment.  I first participated in his on-site training in Dallas between February 25 and 29, 2013.  Later, from Dallas, I gave him various assignments, including the preparation of reports and summaries of attended (and prior) fibroid treatments, the creation of Excel data tables for treated patients, reading of background materials and studies and the preparation of summaries of ongoing studies

on the use and effects of Uterine Fibroid ("UF") fibroid treatments.

6. I had responsibility for supervising Mr. Beeney. I also evaluated Mr. Beeney's performance.

7. From my office in Dallas, I communicated with Mr. Beeney who at times was elsewhere because he had not yet moved to Dallas, which he was required to do as a condition of his employment with InSightec.

8. As part of Mr. Beeney's training, Mr. Beeney travelled to patient treatments at off-site location in Columbus, Ohio, in Charlottesville, Virginia, and in Raleigh, North Carolina. I attended these treatments with Mr. Beeney.

9. From my office in Dallas, I participated in the decision to issue Mr. Beeney a performance warning in late March and early April 2013. I discussed Mr. Beeney's performance problems with Nadir Alikacem, InSightec's VP Regulatory Affairs and CRO, at InSightec's Dallas office.

10. From my office in Dallas, I participated in the decision to terminate Mr. Beeney's employment.

11. Mr. Beeney did not relocate to Dallas before the termination of his employment.

12. Decisions regarding Mr. Beeney's employment and his termination were made in Dallas and Israel.

13. I do not conduct or transact any business in the State of New York on my own behalf. I do not have an office in New York. I do not employ any employees in New York. I do not seek business from potential customers in New York on my own behalf.

14. I do not own property in the State of New York, and I do not maintain a bank

account in New York.  I also do not own or partially own any business entity in New York.

15.	I do not derive any revenue from goods used or consumed or services rendered in the State of New York or from interstate or international commerce.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 21, 2014

_____
NEHA DHAWAN