UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BRADLEY BEENEY,

        *Plaintiff*,

  v.

INSIGHTEC, INC.,
AMIT SOKOLOV, *and*
NEHA DHAWAN,

        *Defendants*.

------------------------------------------------------------X

13 CV 8022 (GBD)

**DECLARATION OF WALKER G. HARMAN, JR. IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS OR TRANSFER**

    **I, WALKER G. HARMAN, JR.**, affirm, subject to the penalties of perjury, the following:

    1.    I am an attorney admitted to practice law in the State of New York and principal attorney at The Harman Firm, PC, which serves as counsel to Plaintiff in the above-captioned action. I am fully familiar with the matters set forth herein.

    2.    I submit this Declaration in opposition to Defendants' motion (a) to dismiss or transfer venue to Texas, (b) to dismiss claims the Complaint against Individual Defendants for lack of personal jurisdiction, and (c) to dismiss as against Defendant Sokolov for insufficient service of process.

    3.    I have been a litigator and employment attorney in New York City for fifteen (15) years. I have always been proud of my representation of individuals in employment discrimination lawsuits in New York, where statutes provide needed protection to individuals such as gay men, who have historically been disadvantaged in the workplace. I was surprised, shocked and disappointed to learn that neither Texas nor Dallas[1] provides any such protection for similarly situated individuals. As an advocate, I firmly believe that Mr. Beeney would be

---

[1] The City of Dallas has a traffic-ticket-style ordinance protecting individuals from sexual orientation discrimination only; nonetheless, unlike the NYCHRL it does not provide a private right of action, nor does it allow for any recovery for damages to a victim—any fines assessed for damage (which are limited to five hundred dollars ($500)), are paid to the City of Dallas. *See* Exhibit B at 4, Dallas City Code, Art. 2, § 46-6.

disadvantaged—even unduly and unreasonably prejudiced if his case were sent to Texas for adjudication.

4.     In this action, Plaintiff seeks damages against Defendants under the New York City Human Rights Law, N.Y.C. ADMIN. CODE §§ 8-101–31 ("NYCHRL"), and the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201–19 ("FLSA").[2]

5.     Mr. Beeney, a gay man with a male domestic partner, endured discrimination by Defendants on the basis of his sexual orientation and domestic partnership status.  Defendant InSightec, Inc. ("InSightec" or "Company"), and individual Defendants Neha Dhawan ("Dhawan") and Amit Sokolov ("Sokolov") (collectively, "Individual Defendants") who acted on InSightec's behalf, hired Mr. Beeney while he was living and working in New York City.  As part of his employment duties, he worked in New York City with the expectation that he would subsequently transfer to Dallas, Texas.  Due to Defendants' homophobic employment practices, that transfer never took place.

6.     As set forth more fully in the Complaint and in the accompanying Affidavit of Plaintiff in Opposition, Defendants directed Mr. Beeney to perform work in New York City that he did perform for approximately three (3) months, during which time Defendants learned of his sexual orientation and domestic partnership and terminated him just when he was scheduled to relocate to Dallas.  Mr. Beeney suffered significant financial damages and severe emotional distress in New York City as a result of Defendants' illegal discriminatory actions.  *See* Garland Mov. Decl., Exhibit A; Complaint ¶¶ 14, 96, 110, 115; Beeney Opp. Aff. ¶ 23.

7.     As also set forth more fully in the Complaint and in the accompanying Affidavit of Plaintiff in Opposition, Defendants also failed to pay Mr. Beeney premium overtime in violation of the FLSA and the NYLL.  Mr. Beeney's position at Defendant InSightec did not require independent judgment, he did not supervise anyone, he worked approximately fifty (50) to sixty (60) hours per week, and he was not compensated for the time he worked in excess of

---

[2]   Plaintiff also brings similar claims under New York Labor Law.

forty (40) hours per week.  Garland Mov. Aff., Exhibit A; Complaint ¶¶ 116–28; Beeney Opp. Aff. ¶¶ 9, 17.

<u>The Interests of Justice Require That This Case Remain in This Court</u>

8. The interests of justice require that venue of this action remain in New York. Plaintiff seeks relief for his discrimination claims under NYCHRL, a specific, local statue with liberal protections for residents who live and work here.  Such protections are not afforded in Dallas or in Texas.  A recent commentary on Texas employment discrimination law observed:

> Many states, including California, Illinois, and Washington, have enacted statutes prohibiting discrimination against both public and private employees on the basis of their sexual orientation or gender identity.  <u>At present, there is no statewide legal prohibition in Texas against employment discrimination on the basis of sexual orientation or gender identity.</u>  Similarly, there is no broad federal prohibition on discrimination by private employers based on either of these categories.  That leaves local ordinances to address the issue.

25 No. 2 Tex. Empl. L. 7, "Are We Evolving on Sexual Orientation/Gender Identity Issues?" February 2014, Texas Employment Letter, W. Scott McLellan (emphasis added; Exhibit A attached).

9. The commentary then proceeds to identify certain cities in Texas that have adopted local ordinances that prohibit discrimination based on sexual orientation and gender identity in the workplace or otherwise.  *Id*.  Dallas is <u>not</u> named.[3]

10. In addition, as set forth more fully in the accompanying Memorandum of Law in Opposition, Courts give great weight to Plaintiff's chosen forum to litigate his claims.  Pl. Opp. Mem. Point II-D.  Further, Plaintiff, an individual of modest means (Beeney Opp. Aff. ¶ 24), should not be forced to litigate his claims in Texas against an admittedly U.S.-based subsidiary of a "global leader" in its industry (printout of parent company InSightec Ltd.'s website home page and June 2013 newsletter, combined as Exhibit C) with, upon information and belief, revenues in the millions of dollars.  Indeed, Defendants have tendered this case to InSightec's

---

[3]  *See supra*, note 1.

insurance company that has retained a large international law firm to represent Defendants in this action.  *See* Exhibit D, printout of Defendants' attorneys' website.  Defendants have brought this Motion to intimidate and harass Plaintiff.  The balance of the equities weighs in Plaintiff's favor, requiring that this case remain in this Court, Plaintiff's chosen forum.

<u>Depositions of Witnesses in Texas</u>

11.     In a conference before this Court on February 25, 2014, I stated that we would take the depositions of party and non-party witnesses in Dallas so as to avoid litigating this issue, notwithstanding that Defendant InSightec can—and should—produce its employees in New York under prevailing case law.  Pl. Opp. Mem., Point II-A.  I confirm that this is the case, except for Defendant Sokolov, who asserts that he resides and works primarily in Israel.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendants' motion to in its entirety, grant Plaintiff such other and further relief as the Court deems just and proper together with his attorneys' fees and costs in connection with this motion.

Dated: New York, New York                         By:     Walker G. Harman, Jr.
       April 15, 2014

                                                   s/   Walker G. Harman, Jr.