UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
BRADLEY BEENEY,

                    Plaintiff,

          - against -

INSIGHTEC, INC., AMIT SOKOLOV, and
NEHA DHAWAN,

                    Defendants.
------------------------------------- x

13 Civ. 8022 (GBD)

**ECF**

# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTIONS (A) TO DISMISS THE COMPLAINT AGAINST INDIVIDUAL DEFENDANTS FOR LACK OF PERSONAL JURISDICTION, (B) TO DISMISS THE COMPLAINT AGAINST DEFENDANT SOKOLOV FOR INSUFFICIENT PROCESS OF SERVICE, (C) TO TRANSFER THE CASE FOR IMPROPER VENUE, AND (D) TO TRANSFER THE CASE TO THE NORTHERN DISTRICT OF TEXAS UNDER 28 U.S.C. § 1404(A)

**EPSTEIN BECKER & GREEN, P.C.**

David W. Garland
250 Park Avenue
New York, New York 10003
Telephone: (212) 351-4500
Facsimile: (212) 878-8600
dgarland@ebglaw.com

*COUNSEL FOR DEFENDANTS
INSIGHTEC, INC., AMIT SOKOLOV, AND
NEHA DHAWAN*

FIRM:25119560v1

## **TABLE OF CONTENTS**

|  | Page |
|---|---:|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 1 |
| I. THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER DEFENDANTS SOKOLOV AND DHAWAN. | 1 |
|     A. Defendants Sokolov And Dhawan Are Not Subject To The Court's Jurisdiction Under CPLR 302(a)(1) Or 302(a)(3)(ii). | 1 |
|         1. Jurisdiction Under CPLR § 302(a)(1) Does Not Exist Because Sokolov And Dhawan Did Not Transact Business In New York. | 1 |
|         2. Jurisdiction Under CPLR § 302(a)(3)(ii) Does Not Exist Because Sokolov And Dhawan Did Not Derive Substantial Revenue From New York. | 3 |
|     B. Defendant Sokolov Was Not Served At His Place Of Business. | 4 |
| II. THE SOUTHERN DISTRICT OF NEW YORK IS NOT THE PROPER VENUE FOR THIS LITIGATION. | 5 |
| III. TRANSFER TO THE NORTHERN DISTRICT OF TEXAS FOR THE CONVENIENCE OF PARTIES AND WITNESSES IS WARRANTED. | 5 |
|     A. Convenience Of Parties And Witnesses. | 6 |
|     B. The Locus Of Operative Facts. | 7 |
|     C. Plaintiff's Choice Of Forum. | 8 |
|     D. The Means Of The Parties. | 9 |
|     E. Familiarity With Pertinent Law. | 10 |
|     F. Interest of Justice And Trial Efficiency. | 10 |
| CONCLUSION | 10 |

## TABLE OF AUTHORITIES

Page(s)

**CASES**

Abovepeer, Inc. v. Recording Indust. Ass'n,
   166 F. Supp. 2d 655 (N.D.N.Y. 2001) ................................................................................7

Ahava Food Corp. v. Donnelly,
   No. 02-CV-6031, 2002 U.S. Dist. LEXIS 23731
   (S.D.N.Y. Dec. 9, 2002) .................................................................................................3, 4

Andrews v. A.C. Roman & Assocs.,
   914 F. Supp. 2d 230 (N.D.N.Y 2012) ................................................................................6

Anon Realty Assocs. v. Simmons,
   153 Misc. 2d 954 (N.Y. Sup. Ct. 1992) .............................................................................4

Bayless v. Dresser Indus., Inc.,
   677 F. Supp. 195 (S.D.N.Y 1988) ......................................................................................9

Bayless v. Dresser Indus., Inc.,
   702 F. Supp. 79 (S.D.N.Y 1988) ........................................................................................9

Bigham v. Envirocare of Utah,
   123 F. Supp. 2d 1046 (S.D. Tex. 2000) .............................................................................5

Chiste v. Hotels.com L.P.,
   756 F. Supp. 2d 382 (S.D.N.Y. 2010) ................................................................................9

Daniel v. Am. Bd. of Emergency Med.,
   428 F.3d 408 (2d Cir. 2005) ...............................................................................................5

Farkas v. Rich Coast Corp.,
   No. 2:13-CV-00926, 2014 U.S. Dist. LEXIS 16708
   (W.D. Pa. Feb. 11, 2014) ...................................................................................................5

Federman Assocs. v. Paradigm Med. Indus.,
   No. 96-CV-8545, 1997 U.S. Dist. LEXIS 23685
   (S.D.N.Y. Apr. 8, 1997) .....................................................................................................9

Foley v. Sammons Preston, Inc.,
   No. 03-CV-5485, 2004 U.S. Dist. LEXIS 98
   (S.D.N.Y. Jan. 5, 2004) .....................................................................................................8

Glass v. S&M NuTec, LLC,
   456 F. Supp. 2d 498 (S.D.N.Y. 2006) ................................................................................6

Hamilton v. Accu-Tek,
    47 F. Supp. 2d 330 (E.D.N.Y. 1999) ..................................................................................8

Hanson v. Denckla,
    357 U.S. 235 (1958) ............................................................................................................3

International Healthcare v. Global Healthcare
    470 F. Supp. 2d 345 (S.D.N.Y. 2007) .................................................................................2

Jensen v. Simon & Schuster, Inc.,
    No. 3:12-cv-00759-PK, 2012 U.S. Dist. LEXIS 184332
    (D. Or. Dec. 12, 2012) ........................................................................................................6

Litton v. Avomex Inc.,
    No. 08-CV-1340, 2010 U.S. Dist. LEXIS 2881
    (N.D.N.Y. Jan. 14, 2010) ............................................................................................ passim

Meyers v. Allstate Ins. Co.,
    No. 08-CV-4769, 2009 U.S. Dist. LEXIS 24509
    (S.D.N.Y. Mar. 26, 2009) ...................................................................................................6

Pennebacker v. Wayfarer Ketch Corp.,
    777 F. Supp. 1217 (E.D. Pa. 1991) .....................................................................................3

Preston v. New York,
    223 F. Supp. 2d 452 (S.D.N.Y. 2002) .................................................................................4

Sheet Metal Wkrs' Nat. Pension Fund. v. Gallagher,
    669 F. Supp. 88 (S.D.N.Y. 1987) .......................................................................................8

Smith v. Carl Zeiss SMT, Inc.,
    No. 1:05cv570, 2006 U.S. Dist. LEXIS 60665
    (S.D. Miss. Aug. 23, 2006) .................................................................................................7

Tralongo v. Shultz Foods, Inc.,
    No. 06-CV-13282, 2007 U.S. Dist. LEXIS 23215
    (S.D.N.Y. Mar. 14, 2007) ............................................................................................7, 8, 9

Vassallo v. Niedermeyer,
    495 F. Supp. 757 (S.D.N.Y. 1980) ...................................................................................10

Walburn v. Rovema Packaging Machs., L.P.,
    No. 07-3692, 2008 U.S. Dist. LEXIS 25369
    (D.N.J. March 28, 2008) ....................................................................................................3

**OTHER AUTHORITIES**

28 U.S.C. § 1391(b)(2) ..............................................................................................................5

28 U.S.C. § 1404(a) ...................................................................................................................1

CPLR § 302(a)(1) ..................................................................................................................1, 2

CPLR § 302(a)(3)(ii)..........................................................................................................1, 3, 4

CPLR § 308(2) ...........................................................................................................................4

Fed. R. Civ. Pro. 12(b)(2) .........................................................................................................1

Fed. R. Civ. Pro. 12(b)(3) .........................................................................................................1

Fed. R. Civ. Pro. 12(b)(5) .........................................................................................................1

**PRELIMINARY STATEMENT**

Plaintiff Bradley Beeney has not met his burden to establish why this Court should not dismiss the Compliant against Amit Sokolov and Neha Dhawan for lack of personal jurisdiction, pursuant to Federal Rules of Civil Procedure 12(b)(2), and against Sokolov for insufficient service of process under Fed. R. Civ. Pro. 12(b)(5).  Beeney has failed to show that his communications with Sokolov and Dhawan constituted "transacting business" under CPLR § 302(a)(1) and has not provided any evidence that they derive any revenues from transactions in New York under CPLR 302(a)(3)(ii).

Beeney has also not refuted defendants' argument that the case should be transferred to the United States District Court for the Northern District of Texas, pursuant to Fed. R. Civ. Pro. 12(b)(3) and 28 U.S.C. § 1404(a).  As set forth in greater detail below, the convenience of the witnesses favors transfer, and New York is not the forum where a substantial part of the events giving rise to the claims took place.  It is of no moment that Beeney may have felt the effects of InSightec's alleged conduct in New York as he unilaterally decided to delay his move to Texas and to work from his home.

**ARGUMENT**

**I.   THE COURT DOES NOT HAVE PERSONAL JURISDICTION OVER DEFENDANTS SOKOLOV AND DHAWAN.**

   **A.   Defendants Sokolov And Dhawan Are Not Subject To The Court's Jurisdiction Under CPLR 302(a)(1) Or 302(a)(3)(ii).**

Beeney argues that defendants Sokolov and Dhawan are subject to personal jurisdiction in the Southern District of New York "under New York's long-arm statute CPLR § 302(a), clauses (1) and (3)(ii)."  (Pb 25).  His argument misapprehends the law.

   **1.   Jurisdiction Under CPLR § 302(a)(1) Does Not Exist Because Sokolov And Dhawan Did Not Transact Business In New York.**

Beeney argues that Sokolov and Dhawan are subject to jurisdiction in New York because

Sokolov and Dhawan communicated with him there. (Pb 17). This argument misapplies the test of what constitutes transacting business in New York. The case law holds that for communications to New York to constitute "transacting business," they must have "a substantial nexus to the cause of action." International Healthcare v. Global Healthcare 470 F. Supp. 2d 345, 359 (S.D.N.Y. 2007). Here, that means that these communications have to either constitute discrimination or relate to his wage claim. Litton v. Avomex Inc., No. 08-CV-1340, 2010 U.S. Dist. LEXIS 2881, at *16 (N.D.N.Y. Jan. 14, 2010) (where the plaintiff failed to allege that "communication with Avomex employees via telephone , email and facsimile . . . gave rise to his causes of action for discrimination," no jurisdiction existed under CPLR 302(a)(1)). But Beeney presents no evidence that Sokolov discriminated against Beeney in his communication to him. Beeney's affidavit submitted in opposition to the motion merely states that he had "one (1) 'check in' call from Defendants Sokolov to [him] in New York City" and that he "sent [him] several emails in New York" in early May 2013 "regarding [his] assignments." (Beeney Aff. ¶¶ 8, 10, and 16). Accordingly, the Court lacks personal jurisdiction over Sokolov under 302(a)(1).

  The same is true for Dhawan. Beeney argues that Dhawan transacted business in New York because she communicated by "telephone, email, and videoconferences" with Beeney and those communications "involved discriminatory practices." (Pb 17). But nothing about those communication evinced discrimination. The only other phone call that Beeney pleads pertained to his securing housing in Dallas, and in it, Dhawan allegedly insisted that Beeney must move to Texas, even if it meant that he "must move into a hotel and absorb all associated costs." (Garland Decl. Ex. A at ¶¶ 58-61).

  Further, as defendants pointed out in their initial brief, Beeney unilaterally defied the condition of his employment that he relocate to Dallas, and delayed moving to Dallas to accommodate his own lease. Beeney cannot now use his own decision to haul Dhawan (or

Sokolov for that matter) into court in New York.  Hanson v. Denckla, 357 U.S. 235, 253 (1958) ("[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State"); Walburn v. Rovema Packaging Machs., L.P., No. 07-3692, 2008 U.S. Dist. LEXIS 25369, at *22 (D.N.J. March 28, 2008) (assuming that a defendant expressly aims tortious conduct at the forum from the fact that the defendant knew that the plaintiff resided in the forum "would mean that jurisdiction in intentional tort cases would always be appropriate in the plaintiff's home state since the plaintiff would always feel the impact of the tort there").

While Beeney argues in his affidavit that he was prohibited from moving to Dallas following his return from training in Virginia in late April (Beeney Aff. ¶ 15), he states in the very next paragraph of his affidavit that Dhawan "was on vacation in the first two (2) weeks of May," and her only communication alleges afterwards is that she "called [him] in New York and told [him] in substance, that . . . she was recommending [his] termination." (Id. at ¶ 16).  This phone call is insufficient to establish specific jurisdiction over him.  Pennebacker v. Wayfarer Ketch Corp., 777 F. Supp. 1217, 1220 (E.D. Pa. 1991) (stating that "[the d]efendant's conduct in hiring and firing [the] plaintiff by placing telephone calls into Pennsylvania from out-of-state" cannot establish specific jurisdiction).

### 2. Jurisdiction Under CPLR § 302(a)(3)(ii) Does Not Exist Because Sokolov And Dhawan Did Not Derive Substantial Revenue From New York.

While Beeney argues that jurisdiction exists over Sokolov and Dhawan under CPLR 302(a)(3)(ii), that provision requires proof that a defendant "derives substantial revenue from goods used or consumed or services rendered, in the state." CPLR 302(a)(3).  Evidence of the revenue derived by the defendant's employer, however, cannot be used as proof of the employee's revenue.  Ahava Food Corp. v. Donnelly, No. 02-CV-6031, 2002 U.S. Dist. LEXIS

23731, at *10 (S.D.N.Y. Dec. 9, 2002) (stating that "[i]n the absence of a prima facie showing that [the employer's] acts should be attributable to [its CEO], the only pertinent revenues are those earned by [the CEO] herself").[1]  Accordingly, the fact that InSightec may derive "substantial revenue" from interstate commerce is insufficient to establish jurisdiction over Sokolov and Dhawan.  As it is undisputed that Sokolov and Dhawan do not derive any revenue from any business in New York, no jurisdiction exists over them under CPLR § 302(a)(3)(ii).

### B. Defendant Sokolov Was Not Served At His Place Of Business.

Beeney argues that InSightec, Inc.'s Dallas offices qualify as Sokolov's actual place of business (and that he was thus properly served under CPLR 308(2)) because he pleaded that Sokolov "was Mr. Beeney's Global Clinical Applications Manager and had the power to hire and fire, supervise, discipline, and control employees of Defendant InSightec, Inc. as well as to maintain their employment records." (Pb 24; Garland Decl. Ex. A at ¶ 8).  Beeney also relies on his allegation that "Sokolov had a strong presence at InSightec, Inc., made decisions on InSightec's behalf and for the benefit of Defendant InSightec." (Id.).  Beeney "bears the burden of proving [service's] adequacy," however, and these allegations do not show that InSightec's Dallas offices are Sokolov's actual place of business, Preston v. New York, 223 F. Supp. 2d 452, 466 (S.D.N.Y. 2002), as Beeney has not shown that Sokolov "regularly transact[s] business at [InSightec's Dallas office]" or is "physically present [there] with regularity." Anon Realty Assocs. v. Simmons, 153 Misc. 2d 954, 957 (N.Y. Sup. Ct. 1992).  Moreover, Beeney's conclusory assertions do not controvert Sokolov's Declaration, which states that he is not an employee of InSightec, Inc., that he visits InSightec's offices in Dallas only occasionally (once or twice a year), and that he does not maintain an office in Dallas. (Sokolov Dec. at ¶¶ 3-6).

---

[1] A copy of Ahava is attached hereto as Exhibit A.

Accordingly, Beeney cannot refute that Sokolov was not served at his "actual place of business" and the Complaint against him should be dismissed for this reason as well.

## II. THE SOUTHERN DISTRICT OF NEW YORK IS NOT THE PROPER VENUE FOR THIS LITIGATION.

Beeney argues that the Southern District of New York is the proper venue because his claim is predicated on conduct that occurred "after" he returned to New York City from his Dallas training. (Pb 8-9). But as InSightec pointed out in its initial brief, the venue inquiry "focus[es] on relevant activities of the defendant, not of the plaintiff." Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 432 (2d Cir. 2005) (quotations omitted). "The fact that a plaintiff residing in a particular judicial district feels the effect of a defendant's conduct in that district does not necessarily mean that the events or omissions occurred there." Bigham v. Envirocare of Utah, 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000).

While Beeney argues that Litton holds that venue is proper where the plaintiff resides and works, its holding is based specifically on the rationale that an employer who hires an employee to work in one forum should not benefit from making a decision regarding his employment in a different forum. That is not the case here. InSightec hired Beeney to work in Dallas, and that is where it made its termination decision. He unilaterally decided to delay his move because "his lease" did not end until "April 1, 2013" (Beeney Aff. at 3 n.4), not for reasons any alleged discrimination – he should therefore not benefit from the Litton rationale. See Farkas v. Rich Coast Corp., No. 2:13-CV-00926, 2014 U.S. Dist. LEXIS 16708, at *45, *67 (W.D. Pa. Feb. 11, 2014) (holding that a plaintiff could not create venue in Pittsburgh under § 1391(b)(2) for his FLSA claim just because he "unilaterally made the decision to work from Pittsburgh").[2]

## III. TRANSFER TO THE NORTHERN DISTRICT OF TEXAS FOR THE

---

[2] A copy of Farkas is attached as Exhibit E to defendants' initial brief.

**CONVENIENCE OF PARTIES AND WITNESSES IS WARRANTED.**

Beeney does not dispute that this case could have been brought in the Northern District of Texas. Instead, he argues that the balancing of conveniences tips in his favor. But a review of his arguments reveals that they are not supported by the case law.

**A.  Convenience Of Parties And Witnesses.**

Beeney's reliance on his counsel's stated intention to depose InSightec's witnesses in Dallas does not tip the convenience factor in his favor. See Andrews v. A.C. Roman & Assocs., 914 F. Supp. 2d 230, 239 (N.D.N.Y 2012) ("[the] Plaintiffs' offer to conduct depositions of Defendants' witnesses in the proposed forum" … "d[id] not alleviate the inconvenience [of] these witnesses"). Likewise, it does not matter that InSightec's present counsel is "located in New York City." See Meyers v. Allstate Ins. Co., No. 08-CV-4769, 2009 U.S. Dist. LEXIS 24509, at *9-10 n.4 (S.D.N.Y. Mar. 26, 2009) ("The location of counsel . . . is not a consideration in a motion to transfer venue" (quotations omitted)).[3]

Beeney is also mistaken that "the ability of a corporate defendant to secure the appearance of its employees diminishes the concern over the location of witnesses." (Pb 11). This is a consideration for the "availability of process to compel attendance of unwilling witnesses" factor, not to the convenience of witnesses. Glass v. S&M NuTec, LLC, 456 F. Supp. 2d 498, 503–04 (S.D.N.Y. 2006). Additionally, "a trial will be more unwieldy if the majority of witnesses appear remotely." Jensen v. Simon & Schuster, Inc., No. 3:12-cv-00759-PK, 2012 U.S. Dist. LEXIS 184332, at *18 (D. Or. Dec. 12, 2012).[4]

Beeney's argument that he had little contact with defendants' witnesses except for Sokolov and Dhawan (Pb 11) misses the point. What matters is "the nature and quality of the

---

[3] A copy of Meyers is attached hereto as Exhibit B.
[4] A copy of Jensen is attached hereto as Exhibit C.

witnesses' testimony with respect to the issues in the case." Abovepeer, Inc. v. Recording Indust. Ass'n, 166 F. Supp. 2d 655, 659 (N.D.N.Y. 2001) (quotations omitted).  In a discrimination case, the most crucial witnesses "will be those who are able to offer proof as to the reasons for plaintiff's termination." Litton, 2010 U.S. Dist. LEXIS 2881, at *43.  The witnesses whose declarations defendants have submitted will provide testimony pertaining to the reasons for his discharge.

As for Beeney's two witnesses who reside in New York, he proffers them to testify about his "frustration, . . . humiliation and degradation," and his "utter stress and frustration" (Pb 13), not about the reasons for his termination, the central issue in this case.  Furthermore, Beeney provides "no indication that [his witnesses] would not appear at trial or be deposed" if the Court were to transfer the case to Texas.  Smith v. Carl Zeiss SMT, Inc., No. 1:05cv570, 2006 U.S. Dist. LEXIS 60665, at *5 (S.D. Miss. Aug. 23, 2006); see also Tralongo v. Shultz Foods, Inc., No. 06-CV-13282, 2007 U.S. Dist. LEXIS 23215, at *1, *9 (S.D.N.Y. Mar. 14, 2007) (the plaintiff's opposition to transfer of his discrimination lawsuit was unpersuasive where he did not "offer[] any reason why his wife would not be able to travel . . . to Pennsylvania for the trial").[5]

### B.   The Locus Of Operative Facts.

Beeney argues that "the crux of the litigation took place in New York" because "he received his official job offer in New York, worked for Defendants from his home office in New York City, and he incurred financial damages and suffered severe emotional distress in New York City."  (Pb 15).  But this argument ignores that Beeney was interviewed and hired in Texas to work in and from Dallas; all decisions, meetings and/or discussions relevant to his employment occurred in Dallas or Israel (id. at ¶ 12); he received all directives, instructions and

---

[5] Copies of Smith and Tralongo are attached hereto as Exhibits D and E, respectively.

guidelines from Dhawan, who worked in Dallas; all decisions regarding his employment were made in Dallas or Israel (id. at ¶¶ 4-7); his payroll was processed in Dallas, payroll taxes were paid from Dallas, and W-2 wage and tax statements were prepared in Dallas (id. at ¶ 4).

The circumstances here are therefore remarkably similar to those in Litton, 2010 U.S. Dist. LEXIS 2881, at *51.  In Litton – even though the plaintiff "performed the vast majority of his duties out of his New York office and "discussions with [the] defendant regarding [the] plaintiff's termination were allegedly conducted via telephone between [the] plaintiff in New York and [the] defendant in Texas," the court held that "this factor weigh[ed] heavily in favor of transfer."  Id. at *3, *50-51.  Merely because the operative facts have some connection to New York is not enough to preclude transfer.[6]  Sheet Metal Wkrs' Nat. Pension Fund. v. Gallagher, 669 F. Supp. 88, 93 (S.D.N.Y. 1987) ("Transfer is not precluded where the operative facts have some connection to the initial forum if the transferee district has a stronger connection with the operative facts raised in the pleadings").  It is also not enough that Beeney arguably felt the effects of discrimination in New York.  See Tralongo, 2007 U.S. Dist. LEXIS 23215, at *1, *9 (finding unpersuasive the plaintiff's argument that he "suffered the effects of [his employer's] discriminatory conduct in New York . . .").

C.   **Plaintiff's Choice Of Forum.**

Beeney argues that the Court should show deference to his choice of forum as "New York was the actual *situs* of [his] employment."  (Pb 13).  "This factor, however, like the others is not dispositive and should not be given undue consideration."  Hamilton v. Accu-Tek, 47 F. Supp. 2d 330, 346-47 (E.D.N.Y. 1999).  "[A] plaintiff's choice is entitled to less deference where

---

[6] Beeney's reliance on Foley v. Sammons Preston, Inc., No. 03-CV-5485, 2004 U.S. Dist. LEXIS 98 (S.D.N.Y. Jan. 5, 2004), "is of little value, as the alleged harassment at the heart of that case occurred in a neutral district (i.e., neither the transferor nor transferee district)."  Tralongo, 2007 U.S. Dist. LEXIS 23215, at *10 n.5.

the connection between the case and the chosen forum is minimal." Chiste v. Hotels.com L.P., 756 F. Supp. 2d 382, 401 (S.D.N.Y. 2010). That is the case here, as shown above, as the material witnesses, InSightec's principal place of business, and the location of operative facts are in Texas. Thus, Beeney's choice of forum is not entitled to great weight. See Tralongo, 2007 U.S. Dist. LEXIS 23215, at *11 ("declin[ing] to give this factor much weight" because the claim arose of out the plaintiff's employment in the proposed forum where the plaintiff unilaterally moved from the proposed forum to New York).

### D. The Means Of The Parties.

Beeney argues that his choice of forum is entitled to deference because of the "inequality of bargaining power between the parties." (Pb 13-14).[7] But "[a] party arguing against . . . transfer because of inadequate means must offer documentation to show that transfer . . . would be unduly burdensome to his finances." Federman Assocs. v. Paradigm Med. Indus., No. 96-CV-8545, 1997 U.S. Dist. LEXIS 23685, at *12 (S.D.N.Y. Apr. 8, 1997).[8] Beeney has not satisfied this requirement. He merely states that he "will suffer great hardship" if the case is transferred. (Beeney Aff. ¶ 26). Furthermore, Beeney has already authorized his attorney to depose witnesses in Texas (Beeney Aff. ¶ 20), and his counsel states that he is representing him on a contingency basis (Pb 14). Accordingly, Beeney cannot argue that his means make it impossible to litigate in Texas. See Federman Assocs, 1997 U.S. Dist. LEXIS 23685, at *12 (holding that because the plaintiff's attorney represented that he was representing the plaintiff on a contingency basis and the plaintiff provided only "conclusory information" about his finances, "this factor weigh[ed] neutrally in the analysis").

---

[7] Beeney's reliance on Bayless v. Dresser Indus., Inc., 677 F. Supp. 195, 197 (S.D.N.Y 1988), is also misplaced because the court ordered transfer on the defendant's motion for reconsideration, Bayless v. Dresser Indus., Inc., 702 F. Supp. 79 (S.D.N.Y 1988), which Beeney's brief failed to disclose.
[8] A copy of Federman Assocs. is attached hereto as Ex. F.

### E.   Familiarity With Pertinent Law.

Beeney argues that this factor favors him because neither Texas nor Dallas has a law prohibiting discrimination based on sexual orientation and/or domestic partnership status. This argument is unavailing, however, as "federal courts are deemed capable of applying the substantive law of other states." Litton, 2010 U.S. Dist. LEXIS 2881, at *53 (citing Vassallo v. Niedermeyer, 495 F. Supp. 757, 760 (S.D.N.Y. 1980), for the proposition that "the law of another jurisdiction is a factor accorded little weight on a motion to transfer").

### F.   Interest of Justice And Trial Efficiency.

Defendants' initial brief established that judicial economy warrants transfer because in the year before March 31, 2013, the Northern District of Texas had fewer active cases (3,200 v. 8,441), its judges on average had a smaller case load (267 cases v. 301 cases), and cases took less time from filing to trial (20.2 months v. 28.8). While Beeney may not find the differences compelling, the fact remains that a smaller case load and an eight month average difference in the resolution of a case "establish[es] that transfer to the Northern District of Texas may facilitate the more efficient and speedy resolution of the matter." See Litton, 2010 U.S. Dist. LEXIS 2881, at *54.

### CONCLUSION

For the reasons set forth herein and in their initial memorandum, defendants respectfully requests that their motions be granted.

Dated: New York, New York
April 25, 2014

EPSTEIN BECKER & GREEN, P.C.

By:   /s/ David W. Garland
   DAVID W. GARLAND
250 Park Avenue
New York, NY 10177-1211
(212) 351-4500
Attorneys for Defendants InSightec, Inc.,
Amit Sokolov, and Neha Dhawan