**THE HARMAN FIRM, PC**

**Attorneys & Counselors At Law**
www.theharmanfirm.com

June 24, 2014

<u>Via ECF</u>
Hon. George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

 **Re:** *Beeney v. InSightec, et al.*
    **13 Civ. 8022 (GBD)**

Dear Judge Daniels:

 We represent Plaintiff Bradley Beeney in the above-referenced employment discrimination action, filed because Defendants terminated Plaintiff when they found out that he is gay.

 By chance, this office received a copy of a deficient subpoena issued by Defendants on or around June 20, 2014.[1]  Among a catalog of other items, the subpoena seeks "true and complete copies . . . (including electronically stored information) that refer or relate to Bradley Beeney's . . . employment with you," including "offer letters"; "documents concerning . . . job responsibilities"; and "severance offers." *See* Exhibit 1 at 4. In addition to this subpoena's invalidity, a subpoena upon Plaintiff's prior employer is also outside the scope FED. R. CIV. P. 26. Defendants seek information from Plaintiff's prior employer, Hologic, Inc., where he worked **before he even met Defendants**. What Defendants seek is irrelevant to all issues in this action. Plaintiff's employment history has no bearing on this case and Defendants' pursuit of this information is no more than harassment and intimidation.

 Defendants should not be permitted to embark on their intended fishing expedition. "Discovery is unwarranted where it would function as a 'fishing expedition for evidence in search of a theory that has yet to be asserted.' " *Bridgewater v. Taylor*, 745 F. Supp. 2d 355, 358 (S.D.N.Y. 2010) (quoting *In re Alper Holdings*, 398 B.R. 736, 754 (S.D.N.Y. 2008)). Defendants are attempting to use discovery to harass Plaintiff. There is no basis to seek any information from Plaintiff's prior employers. This discovery is not "reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1).

---

1. Despite numerous reminders including Plaintiff's Notice of Change of Address (Docket Entry 6) filed before Defendant InSightec's Notice of Appearance (Docket Entry 7), Defendants continue to send their correspondence to two different wrong addresses, and the deficient subpoena is erroneously dated June 25, 2014.

               **1776 Broadway, Suite 2030**
                **New York, New York 10019**
             **T 212 425 2600 F 212 202 3926**

Hon. Gregory H. Woods
June 24, 2014
Page 2 of 2

This is paramount as "[a] subpoena issued to a non-party pursuant to Rule 45 is subject to Rule 26(b)(1)'s overriding relevance requirement." *Schoolcraft v. City of New York*, 10 Civ. 6005 (RWS), 2012 WL 2161596, at *11, 2012 U.S. Dist. LEXIS 82888, at *30 (S.D.N.Y. June 14, 2012) *reconsideration denied*, 10 Civ. 6005 (RWS), 2012 WL 2958176, 2012 U.S. Dist. LEXIS 101317 (S.D.N.Y. July 20, 2012) (quoting *Warnke v. CVS*, 265 F.R.D. 64, 66 (E.D.N.Y. 2010)).

For these reasons and pursuant to this Court's Rule 4(A), in addition to L. CIV. R. 37.2 and FED. R. CIV. P. 4.1, 26, and 45, Plaintiff respectfully requests that the Court issue an order either:

1. quashing Defendants' deficient subpoena and absolving Hologic, Inc. from any responsibility to comply with discovery in this action due to the temporally inappropriate discovery it seeks; or

2. granting Plaintiff leave to move this Court to quash any such temporally inappropriate subpoena.

Finally, Plaintiff seeks a protective order preventing Defendants from seeking records directly from Plaintiff's other employers. Due to Defendants' demonstrated intent to unnecessarily harm, harass, and intimidate our client by contacting Plaintiff's other employers directly, we respectfully request that Defendants be directed to complete discovery through this office, and refrain from subpoenaing Plaintiff's other employers past or present. To the extent it is not privileged, this office will furnish Defendants with the relevant discovery to which they are entitled.

We thank the Court for its continued time and attention to this matter.

                Respectfully submitted,
                THE HARMAN FIRM, PC


                   s/   Walker G. Harman, Jr.
                Walker G. Harman, Jr.


cc: Ronnie L. Silverberg (via ECF)
    David W. Garland (via ECF)
    Hologic, Inc. (via FedEx)