

**EPSTEIN
BECKER
GREEN**

Attorneys at Law

David W. Garland
t 212.351.4708
f. 212.878.8708
dgarland@ebglaw.com

June 30, 2014

**Via ECF**

Honorable George B. Daniels, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

> Re: **Bradley Beeney v. InSightec, Inc., et al.
> Case No. 13 Civ 8022 (GBD)**

Dear Judge Daniels:

This firm represents defendant InSightec, Inc. ("InSightec" or the "Company") in the above-referenced matter.[1] We write in response to plaintiff's counsel's June 24, 2014 letter to the Court. Although not clear, the letter presumably requests a pre-motion conference with respect to an authorization for certain employment records to be obtained from plaintiff Bradley Beeney's present employer ("Invivo Corporation" or "Philips Healthcare") and the Notice of Subpoena relating to plaintiff's former employer Hologic, Inc. ("Hologic"). In advance of the pre-motion conference, InSightec provides the following background which explains the bases for the requested discovery.

### A. Brief Description of Plaintiff's Claims

Mr. Beeney, a former employee of InSightec, alleges that InSightec terminated his employment because of his sexual orientation and partnership status, in violation of the New York City Human Rights Law. He also claims that he should have been paid for overtime but was not.

Mr. Beeney commenced employment as a Clinical Applications Specialist with InSightec on February 25, 2013. The Company terminated his employment on May 29, 2013, effective June 30, 2013. In support of Mr. Beeney's claims, the Complaint alleges:

- "Due to Defendants' representations, Plaintiff left a role with a similar but much larger corporation where he earned a base salary of approximately one hundred

---

[1] We also represent defendants Amit Sokolov and Neha Dhawan, who have filed a motion dismissing the Complaint on the grounds that this Court lacks personal jurisdiction over them. That motion remains pending, and neither Sokolov's nor Dhawan's names appear on the Notice of Subpoena in issue.

Honorable George B. Daniels, U.S.D.J.
June 30, 2014
Page 2

> thousand dollars ($100,000) per annum and bonus of approximately twenty-five thousand dollars ($25,000) per annum." (Complaint, ¶ 34).

- "Mr. Beeney was qualified for his position of Clinical Engineer based on his education, degree in Engineering, prior employment experience, and was so assessed by Defendants when he was interviewed and thereafter hired to be an employee of InSightec." (Complaint, ¶¶ 87 and 100) (emphasis added).

As set forth in InSightec's offer letter, as a condition of his employment, Beeney was required to relocate to Dallas, Texas.[2] Mr. Beeney did not relocate, however, and he remained in New York.

According to Mr. Beeney's interrogatory answers, he is seeking damages for the period of his unemployment after his termination by InSightec.[3] According to Mr. Beeney's Initial Disclosures, he was unemployed "through until July 2013."[4] In discovery, Mr. Beeney has produced two W-2 forms for 2013, one from InSightec reflecting earnings of $24,115.37 and one from Invivo Corporation (which is somehow related to Philips Healthcare), reflecting earnings of $43,851.81. Mr. Beeney has also produced a resume which states that he worked for Philips Healthcare in "2013-2014" (the resume did not identify InSightec as one of Mr. Beeney's employers during 2013)."[5] Further confusing Mr. Beeney's employment history, the resume that he provided to InSightec when seeking employment with the Company, indicated that he was employed by Philips Healthcare at that time (according to paragraphs 22-23 of the Complaint, Mr. Beeney's initial contact and interview with InSightec occurred in December 2012).[6]

### B. Request for Plaintiff to Execute an Authorization to Obtain Certain Records from His Current Employer (Invivo Corporation or Philips Healthcare)

By letter dated June 20, 2014, we raised a number of issues with Mr. Beeney's inadequate responses to InSightec's written discovery demands, including the following:

> [O]ne of the documents produced by Mr. Beeney is a W-2 form for Invivo Corporation ("Invivo"). We cannot determine from Mr. Beeney's incomplete discovery responses when during 2013 Mr. Beeney worked for Invivo (or Philips Healthcare). Accordingly, please arrange for Mr. Beeney to execute the enclosed

---

[2] A copy of the offer letter is attached as Exhibit A.

[3] A copy of Mr. Beeney's Answer to Interrogatory No. 4 is attached hereto as Exhibit B.

[4] A copy of the relevant excerpt from Beeney's Initial Disclosures is attached hereto as Exhibit C.

[5] A copy of the resume is attached hereto as Exhibit D.

[6] A copy of the earlier resume is attached hereto as Exhibit E.

Honorable George B. Daniels, U.S.D.J.
June 30, 2014
Page 3

> authorization so that we can obtain his relevant records from Invivo.[7]

The authorization seeks the following documents from Mr. Beeney's current employer:

- offers of employment;

- employment agreements;

- the terms and conditions of his employment or relationship with Invivo (Philips Healthcare) including his compensation;

- the date(s) he began working for Invivo (Philips Healthcare);

- the hours he has worked each week since he began working for Invivo (Philips Healthcare);

- employment benefits; and

- personnel forms reflecting any changes in Mr. Beeney's position, compensation, hours worked or benefits.[8]

In the same June 20 letter, we also addressed Mr. Beeney's non-response to Interrogatory No. 2:

> This interrogatory requested information regarding the identity of employers from which Mr. Beeney sought employment after his employment by InSightec. Mr. Beeney's answer states that he "possesses no information responsive to this Interrogatory." This response is difficult to understand if Mr. Beeney sought employment with Invivo (or Philips Healthcare) after the termination of his employment by InSightec. Accordingly, please supplement the interrogatory answer to provide the requested information.

As of this date, Mr. Beeney has not provided the requested authorization or supplemented his answer to Interrogatory No. 2. A subpoena has not been served upon Mr. Beeney's current employer.

---

[7] The June 20 letter was inadvertently addressed to Mr. Beeney's counsel's former office location. Nevertheless, as reflected in the attached receipt from FedEx (Exhibit F), the letter and the Notice of Subpoena were received by Mr. Beeney's counsel on Monday, June 23, 2014.

[8] A copy of the authorization is attached hereto as Exhibit G.

FIRM:25681649

### C. Notice of Subpoena to Plaintiff's Prior Employer (Hologic).

On June 20, 2014, InSightec served on Mr. Beeney's counsel a Notice of Subpoena to Hologic, Inc., the purpose of which was to inform Mr. Beeney's that InSightec <u>intended</u> to serve a subpoena on Hologic on or after June 25, 2014. The Notice attached the proposed subpoena, which was dated June 25, 2014 (the date on which InSightec intended to serve the subpoena).[9] Rather than confer with us regarding the scope of the proposed subpoena, Mr. Beeney's counsel sent his June 24 letter to Your Honor. Because of the filing of the June 24 letter, InSightec has not served the subpoena upon Hologic.

The proposed subpoena would request the following documents:

- Mr. Beeney's application for employment, offer letters, and resumes;

- Documents concerning the terms and condition of Mr. Beeney's employment, including documents his compensation at the time of his separation of employment;

- documents reflecting the period for which Mr. Beeney worked for Hologic;

- documents concerning Mr. Beeney's job responsibilities and duties;

- documents reflecting Mr. Beeney's performance, including evaluations, counseling, performance improvement plans, and discipline given to Mr. Beeney;

- formal or informal complaints about Mr. Beeney's conduct or performance, including any investigation thereof;

- formal or informal complaints by Mr. Beeney regarding the conduct or performance of others, including any investigation thereof;

- documents related to the termination of his employment, personnel action forms setting forth the reason(s) for the termination of Mr. Beeney's employment, resignation letters, or correspondence regarding the termination of his employment;

- severance offers or agreements; and

- W-2 forms for the last two years of his employment with Hologic.

---

[9] A copy of the subpoena provided with the Notice is attached hereto as Exhibit H.

### D. The Authorization and Proposed Subpoena Seeks Relevant Evidence

#### 1. The Authorization for Mr. Beeney's Current Employer

As reflected above, the discovery provided by Mr. Beeney leaves unclear when he commenced employment with Invivo Corporation (Philips Healthcare). Based on the differing resumes (one of which is misleading because it leaves out his InSightec employment) and incomplete discovery responses, it is not clear whether Mr. Beeney worked there before and after his employment with InSightec. It is also not clear when Mr. Beeney began communicating with his current employer about moving there. If those communications began while he was still employed by InSightec, then there may be evidence that Mr. Beeney had begun those communications because he was aware that his performance deficiencies threatened his continued employment with InSightec. Likewise, they may explain why Mr. Beeney did not relocate to Dallas; he may have been putting off the move because he was waiting to see whether he would be reemployed by Invivo (Philips Healthcare).

The documents sought relating to his compensation are also relevant. InSightec is entitled to know when Mr. Beeney began working for his current employer and the terms and conditions of that employment; the latter is directly related to the calculation of his claimed damages. InSightec should also learn when his current employer offered him employment; perhaps, he could have started earlier than he did but elected not to because he had summer vacation or other plans. Curiously, Mr. Beeney failed to provide an Answer to Interrogatory No. 2, which asked him to "[p]rovide the name, address, and telephone number for each employer from which you have sought employment during any period of time subsequent to your employment by InSightec, and identify the dates of any applications or interviews."

Since one of Mr. Beeney's resumes suggests that he worked for his current employer throughout 2013, he may have worked for another company while also working for InSightec. If that is correct, then discovery of his hours worked at the second company is relevant to Mr. Beeney's overtime claim (there are, after all, only so many hours in the day). Similarly, the discovery may establish that Mr. Beeney's late arrivals for InSightec work in other states and his failure to attend a treatment session in late March occurred because he was working for another company.

Finally, the requested discovery is also relevant to InSightec's after-acquired evidence defense. Mr. Beeney's employment agreement with InSightec stated that he "shall not engage in, nor receive consideration for, any other employment or similar arrangement" during his employment without prior consent. But it appears from Beeney's resume that he may have been employed with another company while working for InSightec. Accordingly, discovery of this information should be permitted for this reason as well.

#### 2. The Proposed Subpoena for Plaintiff's Prior Employer

Mr. Beeney has squarely placed his prior employment history in this lawsuit. As discussed above, the Complaint alleges that Mr. Beeney "was qualified for his position of

Clinical Engineer based on his education, degree in Engineering, [and] <u>prior employment experience</u>...." By virtue of Mr. Beeney's pleading this allegation, InSightec is entitled to discovery to determine what that "prior employment experience" was (at this point, InSightec has only given notice to serve discovery upon Mr. Beeney's most recent prior employer). [10]

The same is true of the allegation in the Complaint that "[d]ue to Defendants' representations, Plaintiff left a role with a similar but much larger corporation where he earned a base salary of approximately one hundred thousand dollars ($100,000) per annum and bonus of approximately twenty-five thousand dollars ($25,000) per annum." In view of that allegation, InSightec is entitled to discovery regarding Mr. Beeney's compensation with his prior company, his "role" that his prior employer, and the circumstances of his departure. In response to InSightec's Document Request No. 56, which requested documents referring or relating to this particular allegation in the Complaint, Mr. Beeney responded that he did not possess responsive documents. Since Mr. Beeney does not possess them, InSightec must seek them from his prior employer.[11]

InSightec should not be left in the position of having to accept the allegations in the Complaint, but should have the opportunity to obtain discovery regarding them. Since the subpoena has been tailored to target documents pertaining to the allegations pleaded in the Complaint, InSightec should be permitted to serve it.

Finally, InSightec is also entitled to know whether Mr. Beeney has made any formal or informal complaints regarding the conduct of others while employed with his prior employer, such as complaints of sex-orientation of partnership-status discrimination or retaliation, as they are relevant to his credibility.

Respectfully submitted,

By: s/David W. Garland
    David W. Garland

DWG:rr
Enclosures

cc:    Walker G. Harman, Jr., Esq. (via ECF; w/Enclosures)
       Ronnie Silverberg, Esq. (via ECF; w/Enclosures)

---

[10] In response to InSightec's Document Request which sought documents regarding this specific allegation in the Complaint, Mr. Beeney produced only his resume. A copy of Mr. Beeney's response to Document Request 118 is attached hereto as Exhibit I.

[11] A copy of Mr. Beeney's response to Document Request 56 is attached hereto as Exhibit J.