# Exhibit A



*4851 LBJ Freeway, Suite400*
*Dallas, Tx. 75244 USA*
February 11, 2013

(214) 630-2000
(214) 630-2900 FAX

Bradley Beeney

## Job offer letter

InSightec is offering you employment as a Clinical Application Engineer. We would like you to start with our company on or about March 1st, 2013 or earlier. Your office will be in our Dallas office and you will be part of our Clinical applications team. Following is your Job description. The job description might be updated as the company's plans require.

Our offer includes:
- Your annual starting salary will be $66,000.
- To help you with your relocation, you will receive a sign-on-loan of $15,000 that will be forgiven after working two years in InSightec.
- You immediately qualify for 401K Plan.
- You are eligible for health / disability benefits, per our company's policy (see attached appendix).
- You are eligible for additional benefits as defined in our Corporate Benefits policies.
- Your salary and performance will be reviewed on an annual basis.
- Your compensation will be reviewed each year.

This offer is contingent upon your signing the employment agreement and returning it to me, and on your moving to Dallas.

I am sure that when you review this package in combination with our background and the types of things we are about to do here in the next few months, I think you will find this to be an exciting and rewarding opportunity. We are excited about having you join our team and sincerely hope you share our excitement and vision for the future.

Please feel free to contact me if you have further questions.

Sincerely,

Haya Zarko
VP Human Resources

I accept this job offer _____    2-12-13
                        Bradley Beeney          Date

Page 1 of 3

# Exhibit B

**United States District Court**
**Southern District of New York**
-----------------------------------------------------✕

Bradley Beeney,

        Plaintiff,

   *v.*

InSightec, Inc.,
Amit Sokolov, and
Neha Dhawan,

      Defendants.

-----------------------------------------------------✕

       **13 Civ. 2444 (GHW)**

       **Plaintiff's Responses to Defendant InSightec, Inc.'s First Set of Interrogatories to Plaintiff Bradley Beeney**

Pursuant to Fed. R. Civ. P. 26 and 33–34 and L. Civ. R. 33.3, Plaintiff Benjamin Messinger, by counsel, The Harman Firm, PC, hereby responds to Defendant's First Set of Interrogatories to Plaintiff ("Interrogatories").

## I.   General Objections

1.   Plaintiff objects to the Interrogatories to the extent that they require answers greater than, beyond the requirements of, or at variance to the Fed. R. Civ. P. or to the L. Civ. R.

2.   Plaintiff objects to the Interrogatories to the extent that they seek information protected from disclosure under the attorney-client privilege, the work product doctrine, the joint-defense doctrine, the common-interest doctrine, or any other applicable privilege, law, rule, or immunity.

3.   Plaintiff objects to the Interrogatories to the extent they seek information not reasonably expected to yield information relevant to the Plaintiff's allegations, to the proposed relief, or to the Defendants' defenses.

4.   Plaintiff objects to each Request to the extent that it is vague, ambiguous, overbroad, unduly burdensome, not temporally relevant, intended to harass, or intimidate, or

and without waiving the General Objections in addition to these specific objections, Plaintiff possesses no information responsive to this Interrogatory.

**Interrogatory 3.**    Identify all documents concerning, and witnesses with knowledge of, your income or receipt of income from any source, including, but not limited to, disability benefits, unemployment compensation, workers' compensation, severance pay, deferred wages, medical payments or benefits, vacation pay, pension benefits, and social security benefits, in addition to compensation from all employers, including fringe benefits, bonuses, commissions, insurance, and expense reimbursements, as well as any compensation you have earned as an independent contractor or consultant, or by virtue of self-employment, during any period of time subsequent to your employment by InSightec.

**Response:**    Plaintiff objects to this Interrogatory as to form and on the grounds that it is vague, ambiguous, overly broad, unduly burdensome.  Notwithstanding and without waiving the General Objections in addition to these specific objections, Plaintiff refers Defendants to Plaintiff's Initial Disclosures and identifies documents Bates-stamped B0008–09.

**Interrogatory 4.**    Provide a specific, complete and detailed computation of each category of damages alleged in the Complaint, including back pay, compensatory damages and punitive damages, identifying the basis and methodology by which you compute these alleged damages and identifying each individual with knowledge of the basis of methodology of the computation of these alleged damages.

**Response:**    Plaintiff objects to this Interrogatory as to form and on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.  Notwithstanding

4

and without waiving the General Objections in addition to these specific objections, Plaintiff identifies the following:

|            |                                                                        |
|-----------:|------------------------------------------------------------------------|
| $ 7,615.38 | Salary missed between jobs (6 weeks of 40 hours at $66,000/year)       |
| $ 2,855.77 | Overtime missed between jobs (6 weeks of 40 hours at $66,000/year)     |
| $ 5,711.54 | Liquidated: overtime missed (100% FLSA + 100% N.Y. LAB. LAW)           |
| $ 0        | Salary while working for 13 weeks ($16,500 paid)                       |
| $ 6,187.50 | Overtime missed while working (13 weeks of 10 overtime hours)          |
| $ 12,375.00| Liquidated: overtime missed (100% FLSA + 100% N.Y. LAB. LAW)           |
| $ 15,000.00| Emotional damages                                                      |
| **$ 49,745.19** | **Damages subtotal**                                              |
| $ 24,872.60| Attorneys fees (1/3 of total)                                          |
| **$ 74,617.79** | **Total**                                                         |

**Interrogatory 5.**     Identify every medical doctor, physician, psychologist, psychiatrist, social worker, mental health practitioner, chiropractor, pharmacist, physical therapist, counselor, nurse, hospital, clinic, or other health provider or practitioner of the healing arts (hereinafter, "Health Care Professional") from whom you have sought or received treatment, evaluation, diagnosis, or consultation, for any reason related to the alleged unlawful conduct in the Complaint, and/or the alleged injuries or damages sought in this action. For each Health Care Professional identified above, please sign before a notary public the HIPAA-compliant authorized release form attached hereto as Exhibit A.

**Response:**     Plaintiff objects to this Interrogatory as to form and on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.  Notwithstanding and without waiving the General Objections in addition to these specific objections, Plaintiff possesses no information responsive to this Interrogatory.

and without waiving the General Objections in addition to these specific objections, there are only two (2) employees to whom the Complaint ¶ 94 should refer: Defendants Amit Sokolov and Neha Dhawan.

**Interrogatory 10.**     Identify the "other employees" referred to in Paragraph 108 of the Complaint.

**Response:**     Plaintiff objects to this Interrogatory as to form and on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.  Notwithstanding and without waiving the General Objections in addition to these specific objections, there are only two (2) employees to whom the Complaint ¶ 108 should refer: Defendants Amit Sokolov and Neha Dhawan.


Dated: New York, New York       By:     THE HARMAN FIRM, PC
June 18, 2014                                   *Counsel for Plaintiff*


                                         _s/  Walker G. Harman, Jr._
                                         Walker G. Harman, Jr. [WH-8044]
                                         Ronnie L. Silverberg [RS-6881]
                                         1776 Broadway, Suite 2030
                                         New York, New York 10019
                                         (212) 425-2600
                                         wharman@theharmanfirm.com
                                         rsilverberg@theharmanfirm.com

# Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
BRADLEY BEENEY,

        *Plaintiff*,

     *v.*

INSIGHTEC, INC.,
AMIT SOKOLOV, *and*
NEHA DHAWAN,

        *Defendants*.

-------------------------------------------------------------------X

**13 CV 8022 (GBD)**

**PLAINTIFF'S
INITIAL DISCLOSURES
PURSUANT TO
FED. R. CIV. P. 26(a)(1)**

Pursuant to FED. R. CIV. P. 26(a)(1) and the L. CIV. R. of the S.D.N.Y. and E.D.N.Y., Plaintiff Bradley Beeney, by and through his attorneys, The Harman Firm, PC, issues the following Initial Disclosures.

### I.    Preliminary Statement

These disclosures are made based on information currently known and available to Plaintiff.  Plaintiff's investigation, discovery, and preparation for trial are continuing and all responses are given without prejudice to Plaintiff's right to revise or supplement these Initial Disclosures, pursuant to FED. R. CIV. P. 26(e), with facts or information subsequently discovered. Nothing represented herein should imply Plaintiff waiving any right or privilege.  Plaintiff reserves the right to assert all privileges, objections, or amendments as permitted under the FED. R. CIV. P., the FED. R. EVID., and the L. CIV. R. of the S.D.N.Y. and E.D.N.Y.

**IV.**     **Damages**

[A] computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered . . . . FED. R. CIV. P. 26(a)(1)(A)(iii).

Plaintiff was employed by Defendants at a rate of sixty-six thousand dollars ($66,000) *per annum*, and then unemployed through until July 2013. While he is not making less than he was at Defendant InSightec, this does not account for emotional damages, as set forth in the Complaint and which may or may not require the input of expert witnesses.

In addition, Mr. Beeney is entitled the unpaid wages he earned for every hour above forty (40) he worked per workweek with working for Defendants, which is set forth in more detail in Plaintiff's Mem. dated April 15, 2014.

**V.**     **Insurance**

[A]ny insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment. FED. R. CIV. P. 26(a)(1)(A)(iv).

Plaintiff does not have insurance for possible judgment nor is Plaintiff insured for any such possible judgment.

Dated: New York, New York        By:     THE HARMAN FIRM, PC
       April 28, 2014                    *Counsel for Plaintiff*

                                        s/  Walker G. Harman, Jr.  
                                        Walker G. Harman, Jr.
                                        Ronnie L. Silverberg
                                        1776 Broadway, Suite 2030
                                        New York, New York 10019
                                        (212) 425-2600
                                        wharman@theharmanfirm.com
                                        rsilverberg@theharmanfirm.com

# Exhibit D

# BRADLEY BEENEY

312 11th Avenue #23H • New York, NY 10611
(407) 982-0302 • bradbeeney@mac.com

## CLINICAL PRODUCT SPECIALIST

Accomplished medical sales professional, consistently recognized for effective operations and client relationship management with a keen ability to develop sales and marketing strategies, delivering profitable solutions to attract and maintain accounts and customers, and propel company growth. A highly dedicated individual and a proven leader with documented success in progressively dynamic and challenging positions, skilled in the creation and implementation of strategic plans that generates increase in market share, sales and profitability. Expert in technical sales and consultative approach when introducing a customer to new products.

### Core Competencies

Organizational Leadership • Account Management • Client Relations • Operations Management • Customer Service
Product Development • Product Management • Sales & Marketing • Business Development • Clinical Training & Development

## PROFESSIONAL EXPERIENCE

**Philips Healthcare**                                                                                                2013-2014
**Clinical Product Applications Specialist**
Clinical product manager for one of the worlds largest healthcare product manufacturers.  Clincal expert in all phases of product lifecycle from clinical trials to go live.  Responsible for overseeing product development as it fits into the Patient Care environment. Following product from pre sales, installation staging and delivery.  Responisble for overseeing development and marketability.  National presence at all marketing events showcasing clinical capabilities and winning business in the Healthcare environment.  Mastered all aspects of product installation in clinical setting as it integrated with existing IT infrastructure, this includes understanding all aspects of workflow, HIS, RIS, DICOM integration and reporting tools.  Had to be proficient on many vendor platforms to maintain a vendor neutral standard for application integration.
*KeyHighlights:*
- *Responsible for product development, installations and account management*
- *Go live expert*
- *Brought product to US market and effectively assisted in closing business*
- *Traveled between Europe and the US working with the European development team*
- *National presence for the US salesforce*


**Hologic, Inc.**                                                                                                   2010 - 2012
**Senior Clinical Specialist**
Clinical expert for onsite product demonstrations and marketing events.  Participated in product development meetings and trials for a medical device and software in the US and Canada.  Developed effective courses for end user training at every level of user, physician, technologist and IT. Integrated product into the healthcare environment.  Configuring servers to network into PACS from modalities utilizing DICOM standards. Specialist both for medical device and the software side.  Worked closely with product development team to bring product through clinical trials through FDA and Health Canada.  Worked with key physicians on clinical trials.
*KeyHighlights:*
- *Successfully launched a medical device into market*
- *Managed installations of device across all OEM platforms*
- *Senior level trainer in a clinical setting*


**Merge Healthcare, formerly Confirma**                                                                              2007 - 2010
**Pre Sales Consultant/Applications Manager**
Multi faceted responsibilities for the largest breast, prosate and liver CAD company on the market.  Product was nominated as standard of care by Frost and Sullivan.  Touched every department from sales and markeing to service and training.  My role was an international role and had responsibilities to manage accounts globally.  Promoted into a senior sales demo specialist position where I was a top producer.  Installation of a server based workstation was required and demanded an extensive knowledge base of DICOM and almost all PACS and OEM device radiology vendors.  Extensive travel required and the skills to work remotely and train and support remotely were utilized.
*KeyHighlights:*
- *Recognized as most successful demo specialist for Cadstream.*
- *International account manager*
- *Clinical marketing specialist and master trainer.*
- *International installation expert traveling the world installing product and delivering training*

**Florida Hospital, Orlando FL**          **MRI Technologist**          1998 – 2006
MRI technologist for the largest healthcare facility in Central Florida.  800 bed acute care facility with 8 MRI scanners.  Expert in every body part demonstrated especially neuro, breast, and MSK.  Proficient at IV venipuncture and sedation cases.

## EDUCATION AND CREDENTIALS
**Bachelor of Science in Healthcare Management,** *2001 FHCHS*

**Associate of Science Degree in Radiology,** *1998 FHCHS*

# Exhibit E

# BRADLEY BEENEY

312 11th Avenue #23H • New York, NY 10001
(407) 982-0302 • bradbeeney@mac.com

## HEALTHCARE CLINICAL TRAINING PROFESSIONAL

Clinical specialist with an extensive background in leading training for cutting edge technology.  Working as a clinical liason between customers, research and development, sales and marketing. Expert in PACS, MR, Digital Imaging and Clinical Applications Training. Road Warrior by nature.

### Core Competencies

Organizational Leadership • Account Management • Client Relations • Operations Management • Customer Service
Product Development • Strategic Planning • Sales & Marketing • Staff Training & Development

## PROFESSIONAL EXPERIENCE

**Philips Healthcare**                                                                                        **Present**
**Product Specialist**
Product specialist for Philips Medical, a world leader in healthcare and healthcare informatics.  Responsible for all pre sales activity including site inspections for installation, workstation demonstrations, clinical training for all sales and clin ed team. Vertical alignment with all account managers within the Philips sales environment to approach the sale in a consultative manner.  Customer calls included cold calling and calling on existing customer base.  Quoting service contracts, applications training and product upgrades.  Extensive US travel.

**Hologic, Inc.**                                                                                          **2010 - 2012**
**Senior Clinical Specialist**
Served as clinical sales voice for live MR coil demos as well as MR software demos.  Participated in product development meetings and trials for a prostate biopsy device and targeting software in Toronto.  Provided End user training for IT, technologists and radiologists.  Troubleshooting as well as participated in tradeshows.  Breast and Prostate specialist both for medical device and software.  Elected site expert to be depoyed to hot customers to ensure product satisfaction was maintained and customers retained.  Did all demos for mammo workstations where it was competitive
**KeyHighlight:**
* Successfully increased sales by 50%.

**Merge Healthcare**                                                                                     **2007 - 2010**
**Pre Sales Consultant/Applications Manager**
Served as consultant on all sales meetings specifically targeting networking and IT.  Maintained product knowledge and proficient understanding of radiology workflow as well as knowledge of all MR OEM platforms including GE, Philips and Siemens. Handled OEM relationship management and conducted end user training. Delivered training on all aspects of Breast MR, Breast Biopsy, prostate and liver CAD for MR.
**KeyHighlight:**
* Recognized as most successful demo specialist for Cadstream.

**ICAD**                                                                                                **2005 - 2007**
**Clinical Applications Specialist**
Oversaw clinical applications from initial sales presentation to end-user training of MR Breast/prostate/vascular cad system. Managed relationships with radiologists throughout the Eastern US. Utilized knowledge of numerous PACS/RIS vendor platforms, DICOM send, and Webex training. Managed client relations and supported training, networking implementation, protocol optimization, biopsy assistance, remote web-based sessions, software upgrades, technical presentations, sales, and tradeshows.

### OTHER EXPERIENCES (1998-2005)

Florida Hospital, Orlando FL                        **MRI Technologist**                        1998 – 2005

## EDUCATION AND CREDENTIALS

**Bachelor of Science in Healthcare Management,** *2001*

**Associate of Science Degree in Radiology,** *1998*

## PROFESSIONAL AFFILIATIONS & CERTIFICATIONS

ARRT (MR) (R) Taught MR Physics at the BS Degree Level | Member of ASRT

# Exhibit F



June 27,2014

Dear Customer:

The following is the proof-of-delivery for tracking number **770371185134**.

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered to: | Receptionist/Front Desk |
| Signed for by: | .BROCKMAN | Delivery location: | 1776 BROADWAY 2030 |
| | | | New York, NY 10019 |
| Service type: | FedEx Priority Overnight | Delivery date: | Jun 23, 2014 09:50 |
| Special Handling: | Deliver Weekday | | |



---

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 770371185134 | Ship date: | Jun 20, 2014 |
| | | Weight: | 0.5 lbs/0.2 kg |

**Recipient:**
Walker Harman
The Harman Firm, PC
200 West 57th Street
Suite 900
New York, NY 10019 US
**Reference**

**Shipper:**
David W. Garland
Epstein Becker & Green, P.C.
One Gateway Ctr
13th Floor
Newark, NJ 07102 US
071241.00002.09933

Thank you for choosing FedEx.

# Exhibit G

## AUTHORIZATION AND REQUEST
## FOR EMPLOYMENT RECORDS

**TO:**        Invivo Corporation
               3000 Minuteman Rd
               Bldg 2 MS31
               Andover, MA  01810
               ATTN: Human Resources
               Fax: 978-552-1555

**Re:**        **Bradley Beeney**

**Address:**        REDACTED


**Social Security Number:**      REDACTED

You are hereby requested and authorized to disclose, make available and furnish to:

**DAVID W. GARLAND, ESQ.**
**EPSTEIN BECKER & GREEN, P.C.**
**250 Park Avenue**
**New York, New York 10177**
**(212) 351-4500**

Any and all documents concerning Bradley Beeney's employment status with you (either as a direct employee, a temporary employee, an independent contractor, or any other capacity), including, but not limited to (1) offers of employment; (2) employment agreements; (3) the terms and conditions of his employment or relationship with you, including his compensation; (4) the date(s) he began working for you; (5) hours he has worked each week since he began working for you; (6) employment benefits; and (7) personnel forms reflecting any changes in Mr. Beeney's position, compensation, hours worked or benefits.

A photocopy of this Authorization shall have the same force and effect as the original.


Dated: _____          _____
                                          Bradley Beeney

# Exhibit H

**EPSTEIN
BECKER
GREEN**

Attorneys at Law

David W. Garland
t.  212.351.4708
f.  212.878.8708
dgarland@ebglaw.com

June 20, 2014

**Via FedEx Overnight Delivery**
Walker G. Harman, Jr., Esq.
The Harman Firm, P.C.
200 West 57th Street
Suite 900
New York, NY 10019

> Re:  **Bradley Beeney v. InSightec, Inc., et al.**
>      **Case No. 13 Civ 8022**

Dear Mr. Harman:

Enclosed please find a Notice of Subpoena to Hologic, Inc., with annexed subpoena to Hologic, Inc.

Very truly yours,

David W. Garland

DWG/rr
Enclosures

FIRM:25599706v1

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRADLEY BEENEY, | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) 13 Civ. 8022 (GBD) |
| INSIGHTEC, INC., AMIT SOKOLOV, and | ) |
| NEHA DHAWAN, Individually | ) |
| | ) (If the action is pending in another district, state where: |
| _____ | ) |
| *Defendants* | ) ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Hologic, Inc.
     35 Crosby Drive
     Bedford, MA 01730

   ☒ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the documents, electronically stored information, or objects identified in **Schedule A** (attached), and permit their inspection, copying, testing, or sampling of the material:

| Place: | Epstein Becker & Green, P.C. | Date and Time: |
|---|---|---|
| | 250 Park Avenue | |
| | New York, NY 10177 | 07/10/14, at 10:00 a.m. |
| | Attn:  David W. Garland, Esq. | |

   ☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____06/25/14_____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* defendant InSightec Inc., who issues or requests this subpoena is:  David W. Garland, Esq., Epstein Becker & Green, P.C., 250 Park Avenue, New York, NY 10177; dgarland@ebglaw.com; 212.351.4500

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  13 Civ. 8022 (GBD)

## PROOF OF SERVICE

### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as
follows: _____

_____

_____   on _____ ; or
                                                 (date)

☐  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I
have also tendered to the witness fees for one day's attendance, and the mileage allowed by law,
in the amount of

$ _____ .

My fees are $ ____ for travel and $ _____ for services, for a total of $ ____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does
not describe specific occurrences in dispute and results from the expert's

study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

True and complete copies of the following documents (including electronically stored information) that refer or relate to Bradley Beeney's (Social Security No. ⟶ REDACTED employment with you (either as your direct employee, a temporary employee assigned to one of your client's worksites, an independent contractor, or any other capacity):

- Mr. Beeney's application for employment, offer letters, and resumes;

- Documents concerning the terms and condition of Mr. Beeney's employment with you, including documents his compensation at the time of his separation of employment from you;

- documents reflecting the period for which Mr. Beeney worked for you;

- documents concerning Mr. Beeney's job responsibilities and duties;

- documents reflecting Mr. Beeney's performance, including evaluations, counseling, performance improvement plans, and discipline given to Mr. Beeney;

- formal or informal complaints about Mr. Beeney's conduct or performance, including any investigation thereof;

- formal or informal complaints by Mr. Beeney regarding the conduct or performance of others, including any investigation thereof;

- documents related to the termination of his employment, personnel action forms setting forth the reason(s) for the termination of Mr. Beeney's employment, resignation letters, or correspondence regarding the termination of his employment;

- severance offers or agreements; and

- W-2 forms for the last two years of his employment with you.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

BRADLEY BEENEY,                                       :     13 Civ. 8022 (GBD)

                       Plaintiff,       :

                - against -              :     **NOTICE OF SUBPOENA**
                                                      :     **TO HOLOGIC, INC.**

INSIGHTEC, INC., AMIT SOKOLOV, and             :
NEHA DHAWAN,                                          :
                                                      :
                 Defendants.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

TO:   Walker G. Harman, Jr., Esq.
      THE HARMAN FIRM, PC
      220 West 57th Street, Suite 900
      New York, New York 10019
      (212) 425-2600
      *Attorneys for Plaintiff*

       PLEASE TAKE NOTICE that defendant InSightec, Inc. ("InSightec"), by its attorneys

Epstein Becker & Green, P.C., will serve the attached subpoena to produce documents to

Hologic Inc. three days after service of this notice or as soon thereafter as possible.

Dated: New York, New York
       June 20, 2014

                          EPSTEIN BECKER & GREEN, P.C.


                          By: _____
                             David W. Garland
                          250 Park Avenue
                          New York, New York 10177-1211
                          (212) 351-4500
                          *Attorneys for Defendant InSightec, Inc.*

# Exhibit I

**United States District Court**
**Southern District of New York**
------------------------------------------------×
Bradley Beeney,

        Plaintiff,

    *v.*

InSightec, Inc.,
Amit Sokolov, and
Neha Dhawan,

        Defendants.
------------------------------------------------×

13 Civ. 8022 (GBD)

**Plaintiff's Responses to Defendant InSightec, Inc.'s First Request for Production of Documents to Plaintiff Bradley Beeney**

    Pursuant to Fed. R. Civ. P. 26 and 33–34 and L. Civ. R. 33.3, Plaintiff Bradley Beeney by counsel, The Harman Firm, PC, hereby responds to Defendant InSightec, Inc.'s First Request for Production of Documents to Plaintiff Bradley Beeney ("Document Requests").

## I.  General Objections

    The following General Objections apply to Defendant's Document Requests and are incorporated by reference into Plaintiff's responses.  The assertion of the same, similar, or additional objections, or the provision of partial answers in response to particular Document Requests, do not waive any of Plaintiff's General Objections *infra*.

    1.  Plaintiff objects to the Document Requests to the extent they seek information not reasonably expected to yield information relevant to the Plaintiff's allegations, to the proposed relief, or to the defenses of any party.

    2.  Plaintiff objects to the Document Requests to the extent that they are overbroad, and unduly burdensome, or require unreasonable efforts or expense to Plaintiff.

    3.  Plaintiff objects to the Document Requests to the extent that they are vague or ambiguous.

standing and without waiving the General Objections in addition to these specific objections, Plaintiff refers Defendants to Plaintiff's Initial Disclosures and to those documents Bates-stamped B0002–05.

**Document Request 118.**  All documents that refer or relate to the allegations of paragraph 87 of the Complaint that "Mr. Beeney was qualified for his position of Clinical Engineer based on his education, degree in Engineering, prior employment experience."

    **Response:**    Plaintiff objects to this Document Request as to form and on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.  Notwithstanding and without waiving the General Objections in addition to these specific objections, Plaintiff refers Defendants to Plaintiff's Initial Disclosures and to those documents Bates-stamped B0008–09.

**Document Request 119.**  All documents that refer or relate to the allegation of paragraph 87 of the Complaint that Beeney was assessed qualified for his position by "Defendants when he was interviewed and thereafter hired to be an employee of InSightec."

    **Response:**    Plaintiff objects to this Document Request as to form and on the grounds that it is ambiguous.

**Document Request 120.**  All documents that refer or relate to the allegations of paragraph 88 of the Complaint that "Beeney suffered adverse employment actions because . . . Sokolov and Dhawan, upon sensing and/or learning that Mr. Beeney is gay, thwarted and sabotaged Mr. Beeney's ability to receive proper training and experience to successfully continue his position as a Clinical Applications Engineer."

    **Response:**    Plaintiff objects to this Document Request as to form and on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.  Notwith-

standing and without waiving the General Objections in addition to these specific objections, Plaintiff refers Defendants to Plaintiff's Initial Disclosures and to those documents Bates-stamped B0001–09.

**Document Request 141.** To the extent not produced in response to the document requests above, documents identified in plaintiff's Initial Disclosures pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure.

**Response:**   Plaintiff objects to this Document Request as to form and on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.  Notwithstanding and without waiving the General Objections in addition to these specific objections, there are no documents responsive to this Document Request.

Dated: New York, New York       By:    THE HARMAN FIRM, PC
      June 18, 2014                    *Counsel for Plaintiff*

                                   _s/_   Walker G. Harman, Jr.
                                 Walker G. Harman, Jr. [WH-8044]
                                 Ronnie L. Silverberg [RS-6881]
                                 1776 Broadway, Suite 2030
                                 New York, New York 10019
                                 (212) 425-2600
                                 wharman@theharmanfirm.com
                                 rsilverberg@theharmanfirm.com

# Exhibit J

**United States District Court**
**Southern District of New York**
---------------------------------------------×

Bradley Beeney,

               Plaintiff,

      *v.*

InSightec, Inc.,
Amit Sokolov, and
Neha Dhawan,

             Defendants.
---------------------------------------------×

13 Civ. 8022 (GBD)

**Plaintiff's Responses to Defendant InSightec, Inc.'s First Request for Production of Documents to Plaintiff Bradley Beeney**

Pursuant to Fed. R. Civ. P. 26 and 33–34 and L. Civ. R. 33.3, Plaintiff Bradley Beeney by counsel, The Harman Firm, PC, hereby responds to Defendant InSightec, Inc.'s First Request for Production of Documents to Plaintiff Bradley Beeney ("Document Requests").

## I. General Objections

The following General Objections apply to Defendant's Document Requests and are incorporated by reference into Plaintiff's responses. The assertion of the same, similar, or additional objections, or the provision of partial answers in response to particular Document Requests, do not waive any of Plaintiff's General Objections *infra*.

1. Plaintiff objects to the Document Requests to the extent they seek information not reasonably expected to yield information relevant to the Plaintiff's allegations, to the proposed relief, or to the defenses of any party.

2. Plaintiff objects to the Document Requests to the extent that they are overbroad, and unduly burdensome, or require unreasonable efforts or expense to Plaintiff.

3. Plaintiff objects to the Document Requests to the extent that they are vague or ambiguous.

year as a first-year engineer, he could thereafter move into sales and thereby double his salary."

Response:   Plaintiff objects to this Document Request as to form and on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.  Notwithstanding and without waiving the General Objections in addition to these specific objections, no responsive documents are in Plaintiff's care, custody, or control.

**Document Request 56.**   All documents that refer or relate to the allegations of paragraph 34 of the Complaint that "Plaintiff left a role with a similar but much larger corporation where he earned a base salary of approximately one hundred thousand dollars ($100,000) per annum and bonus of approximately twenty-five thousand dollars ($25,000) per annum."

Response:   Plaintiff objects to this Document Request as to form and on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome.  Notwithstanding and without waiving the General Objections in addition to these specific objections, no responsive documents are in Plaintiff's care, custody, or control.

**Document Request 57.**   All documents that refer or relate to the allegation of paragraph 35 of the Complaint that "[i]n late February 2013, Plaintiff traveled to Texas for his one-week (1-week) on-site introduction and orientation."

Response:   Plaintiff objects to this Document Request as to form and on the grounds that it is vague, ambiguous, overly broad, unduly burdensome, and seeks discovery already in the care, custody, or control of Defendant.  Notwithstanding and without waiving the General Objections in addition to these specific objections, no responsive documents are in Plaintiff's care, custody, or control.

standing and without waiving the General Objections in addition to these specific objections, Plaintiff refers Defendants to Plaintiff's Initial Disclosures and to those documents Bates-stamped B0001–09.

**Document Request 141.** To the extent not produced in response to the document requests above, documents identified in plaintiff's Initial Disclosures pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure.

**Response:** Plaintiff objects to this Document Request as to form and on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome. Notwithstanding and without waiving the General Objections in addition to these specific objections, there are no documents responsive to this Document Request.

Dated: New York, New York
    June 18, 2014

By:    THE HARMAN FIRM, PC
    *Counsel for Plaintiff*

    _s/   Walker G. Harman, Jr._
    Walker G. Harman, Jr. [WH-8044]
    Ronnie L. Silverberg [RS-6881]
    1776 Broadway, Suite 2030
    New York, New York 10019
    (212) 425-2600
    wharman@theharmanfirm.com
    rsilverberg@theharmanfirm.com

47