# THE HARMAN FIRM, PC
**Attorneys & Counselors At Law**
www.theharmanfirm.com

July 3, 2014

**Via ECF**

Hon. George B. Daniels
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    **Re:**    *Beeney v. InSightec, et al.*
            **13 Civ. 8022 (GBD)**

Dear Judge Daniels:

    We represent Plaintiff Bradley Beeney in the above-referenced employment discrimination action, and write regarding Defendants' proposed frivolous subpoena (Docket Entries 34 and 34-1 and "Defendants' Letter" below).

    At the outset, Defendants' unduly discursive and lengthy[1] June 24, 2014 letter is in response to Plaintiff's request to your Honor to issue an order, *inter alia*, quashing the abusive subpoena issued by Defendants to Plaintiff's former employer or otherwise directing Defendants not to serve the subpoena.[2] Alternately, should Defendants serve the subpoena, Plaintiff seeks leave from the Court to move to quash the subpoena as violative of F ED. R. C IV. P. 26 in that it is not calculated to seek discoverable information.

## Irrelevance

    Defendants' response to Mr. Beeney's request for a halt of Defendants' obstructionist and harassing discovery tactics is long on obfuscation (*e.g.* Defendants use more than fifty words to describe two lines on Mr. Beeney's résumé) and void on authority (Defendants fail to cite to a single statute, case, or rule for any position on any topic they proffer in their letter).

---

[1] Defendants' letter rambles on about purported discovery deficiencies but contains no application. For example, Defendants complain about the response to Interrogatory No. 2. However, the question is broader than permitted. While Defendants request that Plaintiff "identify . . . dates . . . of any applications or interviews," they actually are entitled to only the "names of witnesses . . . , the computation of . . . damage[s] . . . , and the existence, custodian, location and general description of relevant documents." L. C IV. R. 33.3.

[2] Based on having been improperly served with the subpoena at our former address, we believed that the subpoena either had been or was about to be served on Plaintiff's former employer. However, Defendants now claim that the subpoena was not served, and that they were somehow giving us an advance copy of the subpoena. Nowhere in the service papers did it state that service was not actually taking place and that we were being given an advance copy.

1776 Broadway, Suite 2030
New York, New York 10019
T 212 425 2600 F 212 202 3926

While wrought with hyperbole and at first blush serious, it is in actuality a series of if–may phrases that constitute only a fishing expedition and a waste of the Court's and Plaintiff's time and attention. That is: "[i]f those communications began while he was still employed . . . there may be evidence"; the hypothesized evidence "may explain . . ."; or simply "he may have been putting off . . . mov[ing]"; or "he may have worked for another company . . ."(emphasis added) and it goes on.

### Defendants' Protests

In support of their harassing and overly broad document demands, Defendants note that " '[d]ue to Defendants' representations, Plaintiff left a role with a similar but much larger corporation where he earned a base salary of approximately one hundred thousand dollars ($100,000) *per annum* and bonus of approximately twenty-five thousand dollars ($25,000) *per annum*.' " Defendants' Letter at 2 (quoting Complaint ¶ 34). This is true. Defendants' Letter attempts to obscure the fact that Plaintiff does not seek damages for the effective pay cut he elected to take when he began his work with Defendants. No discovery can thus be had on this non-issue.

Defendants refocus their efforts to the complainant by noting that Plaintiff pleaded that he "was qualified . . . based on his . . . prior employment experience." Defendants' Letter at 2 (quoting Complaint ¶¶ 87 and 100) (Defendants' emphasis removed). This was undisputed until Defendants' Letter. This is the only way that Defendants could be entitled to this discovery: if they were to lay a good-faith foundation that Mr. Beeney lied about his prior employment. No such foundation is possible. After due diligence, Defendants determined that he was qualified and they employed him until of course they found out he was gay, then promptly terminated him.

### Frivolity

The discovery that Defendants would seek from Plaintiffs' former employer is so far beyond the scope of required disclosure that Plaintiff now respectfully requests the Court's leave to move for reasonable attorneys' fees associated with Defendants' tactics. Defendants seek from Plaintiff's prior employer "the hours [Plaintiff] worked each week" and his "employment benefits." Such frivolous and harassing discovery violates FED. R. CIV. P. 26(b)(2)(C). Accordingly, Plaintiff also seeks sanctions to the extent that sanctions are appropriate.

### Discoverability

Defendants' demands are not for "[r]elevant information . . . calculated to lead to the discovery of admissible evidence," and are beyond "the limitations imposed by Rule 26(b)(2)(C)." FED. R. CIV. P. 26(b). Defendants plainly seek only to harass, intimidate, and bill the third-party insurance company rather than defend against our client's *bona fide* claims. Defendants again make clear that they are interested in using American "law as a tool to . . . harass and discourage rather than to win." *Religious Tech. Ctr. v. Lerma*, 908 F. Supp. 1362, 1368 (E.D. Va. 1995) (quoting L. Ron Hubbard). For that reason and for the reasons set forth above, Plaintiff respectfully renews his request that the Court direct Defendants to complete discovery through this office, and refrain from subpoenaing his other employers, past or present.

Hon. George B. Daniels
July 3, 2014
Page 3 of 3

    We thank the Court for its continued time and attention to this matter.

                                  Respectfully submitted,
                                  THE HARMAN FIRM, PC


                                  _s/   Walker G. Harman, Jr._
                                  Walker G. Harman, Jr.



cc:  David W. Garland (via ECF)
      Ronnie L. Silverberg (via ECF)