UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRADLEY BEENEY,

               Plaintiff,

-against-

INSIGHTEC, INC., et al.,

               Defendants.

MEMORANDUM DECISION
AND ORDER

13 Civ. 8022 (GBD)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 07 2014

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Bradley Beeney brings this action against his former employer InSightec, Inc., as well as InSightec employees Neha Dhawan and Amit Sokolov (the "Individual Defendants"), alleging sexual orientation and partnership status discrimination under the New York City Human Rights Law ("NYCHRL"), as well as unpaid wages under the Fair Labor Standards Act ("FLSA") and N.Y. LAB. LAW §§ 2 and 651.[1] The Defendants moved to transfer the case to the Northern District of Texas for improper venue pursuant to Fed. R. Civ. P. 12(b)(3) and 28 U.S.C. § 1404(a), and Sokolov moved to dismiss for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5).[2] ECF No. 16. Both Individual Defendants moved to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). *Id.* The Individual Defendants' motion to dismiss for lack of personal jurisdiction is hereby GRANTED.

---

[1] Plaintiff's claim of unpaid overtime wages in Count 5 is only brought against InSightec.
[2] For the reasons stated on the record at oral argument on April 29, 2014, Defendants' motion to transfer venue and Sokolov's motion to dismiss the Complaint for insufficient service of process are DENIED. *See* Tr. Oral Arg. at 52–57.

## Background[3]

InSightec, a Delaware corporation with its principal place of business in Texas, is a global manufacturer of advanced technological equipment for non-invasive treatment of human conditions such as bone metastases. *See* Compl. at ¶ 19. In or around mid-February 2013, Plaintiff was hired by InSightec as a Clinical Application Engineer to work in its Dallas office. *Id.* at ¶ 31. Plaintiff was required to move to Texas as a condition of his employment; however he was permitted to work remotely from New York while searching for housing in Dallas. *Id.* at ¶¶ 27, 37-41.

Following his acceptance of the offer of employment, Plaintiff travelled to Texas for a one-week on-site introduction and orientation. *Id.* at ¶ 35. Plaintiff alleges that while in Dallas for orientation, Dhawan learned about his sexual orientation and, based upon such knowledge, Dhawan's attitude and treatment of Plaintiff changed. *Id.* at ¶ 42.

Plaintiff claims that upon his return to New York, while working remotely, Defendants engaged in discriminatory conduct. The Complaint alleges, *inter alia*, that Dhawan failed to schedule Plaintiff for necessary training, did not give Plaintiff adequate instruction regarding Plaintiff's work assignments, and imposed unreasonable deadlines on the tasks she assigned to Plaintiff. Plaintiff also states that Defendants sent him a faulty laptop.

The Complaint further alleges that in late April of 2013, while on a client visit in Virginia, Sokolov made discriminatory statements towards Plaintiff. The Complaint alleges that after a client meeting, Sokolov told Plaintiff that he did not think Plaintiff fit into the company's

---

[3] The following factual allegations are taken from the Complaint (or documents attached to it or incorporated by reference) and are deemed to be true for the purposes of a motion to dismiss. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

2

"culture," that he knew he should be more "politically correct" but did not care, and that "if he were him, he would be looking for another job." Compl. ¶ 71.

Upon returning to New York after the Virginia trip, Plaintiff alleges that he had no communication with the Defendants for approximately one week. The week thereafter, Plaintiff's laptop allegedly stopped working and he was unable to perform his duties. When Plaintiff asked Dhawan if he could come to the Dallas office to work, Dhawan allegedly denied his request and told him to use a computer at a public library. In early May 2013, Dhawan allegedly requested a teleconference with Plaintiff in which she told him that she was recommending Plaintiff's termination. *Id.* at ¶¶ 80-81. By letter dated May 29, 2013, Plaintiff's employment with InSightec was terminated. *Id.* at ¶ 83.

**Legal Standard**

Under Rule 12(b)(2), a plaintiff has the burden of establishing personal jurisdiction over the defendant. *See Thomas v. Ashcroft*, 470 F.3d 491 (2d Cir. 2006). Where no evidentiary hearing has been held, nor have the parties engaged in jurisdictional discovery, a plaintiff need only make a *prima facie* showing on the basis of legally sufficient allegations of jurisdiction. *See In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003). "The plaintiff cannot rely merely on conclusory statements or allegations; rather, the *prima facie* showing must be 'factually supported.'" *Melnick v. Adelson–Melnick*, 346 F. Supp. 2d 499, 501 (S.D.N.Y. 2004) (citations omitted).

A court considering a motion to dismiss for lack of personal jurisdiction may consider "all pertinent documentation submitted by the parties" because such a motion is "inherently a matter requiring the resolution of factual issues outside of the pleadings." *Mantello v. Hall*, 947 F. Supp. 92, 95 (S.D.N.Y. 1996) (internal quotation marks omitted). All averments by the

plaintiff of jurisdictional facts must be accepted as true and pleadings and affidavits are to be construed in plaintiff's favor. *See In re Magnetic Audiotape*, 334 F.3d at 206.

A federal court sitting in diversity may exercise personal jurisdiction to the same extent as courts of general jurisdiction in the state in which it sits. *See* Fed. R. Civ. P. 4(k)(1)(A); *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 124 (2d Cir. 2002). To exercise jurisdiction pursuant to Fed. R. Civ. P. 4(k)(1)(A), there must be a statutory basis for the exercise of jurisdiction under the applicable state law, here New York law; and exercise of jurisdiction must comport with due process. *Id.*

In New York, Plaintiff must demonstrate that the Individual Defendants committed acts within the scope of New York's long-arm statute, CPLR § 302. Plaintiff's allegations are insufficient to establish such specific jurisdiction under CPLR § 302. Because there is no personal jurisdiction over the Individual Defendants under New York law, this Court need not reach the due process inquiry. *See Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001); *Bensusan Rest. Corp. v. King*, 126 F.3d 25, 27 (2d Cir. 1997).

### Personal Jurisdiction

Plaintiff seeks to establish personal jurisdiction over the Individual Defendants pursuant to CPLR § 302(a)(1) and § 302(a)(3)(ii).[4] *See* Pl. Mem. at 16–24. The allegations in the Complaint are insufficient to establish personal jurisdiction under either provision.

Under New York's long-arm statute, a court may exercise personal jurisdiction over a non-domiciled defendant who "transact[s] business within the state." CPLR § 302(a)(1). For the

---

[4] Plaintiff has not sought to establish jurisdiction under CPLR § 301. *See* Pl. Mem. Indeed, under CPLR § 301, "an individual cannot be subject to jurisdiction . . . unless he is doing business in New York *on his own behalf* rather than on behalf of a corporation . . . on a systematic and continuous basis." *RSM Prod. Corp. v. Fridman*, 643 F. Supp. 2d 382, 400 (S.D.N.Y. 2009) (citations omitted; emphasis in original). Plaintiff has made no allegations that the Individual Defendants were doing business in New York on their own behalf and accordingly there is no basis for jurisdiction under CPLR § 301.

4

purposes of § 302(a)(1), an individual "transacts business" when "he purposefully avails himself of the privilege of conducting activities within New York, thus invoking the benefits and protections of its laws." *CutCo Indus. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986) (citing *McGowan v. Smith*, 437 N.Y.S.2d 643 (1981)). Further, "the claim against the non-domiciliary must arise out of that business activity." *Id.* Thus, there must be a substantial nexus between the defendant's contact with the forum—the "business transaction"—and the plaintiff's claims against the foreign party. *See Kreutter v. McFadden Oil Corp.*, 527 N.Y.S.2d 195 (1998).

To be subject to personal jurisdiction under § 302(a)(1) a defendant need not physically enter New York. *See Kreutter*, 527 N.Y.S.2d at 198. And while such business transactions may consist of telephone calls and other communication directed toward the forum, jurisdiction will rarely be based solely upon a defendant's telephone calls into New York. *See Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 766 (2d Cir. 1983); *Whitaker v. Fresno Telsat, Inc.*, 87 F. Supp. 2d 227, 230 (S.D.N.Y. 1999). Ultimately, the analysis must focus on the nature and quality of the individual defendant's contact with the forum and whether such contact has a strong relationship to the claims based on the totality of the circumstances. *See Agency Rent A Car System, Inc. v. Grand Rent A Car Corp.*, 98 F.3d 25, 29 (2d Cir. 1996).

In the case at bar, the totality of the circumstances do not provide a basis for imposing long-arm jurisdiction over the Individual Defendants. As to Dhawan, Plaintiff seeks to rely on her communication into the forum as evidence that she "transacted business" within New York. Contrary to Plaintiff's assertion, Dhawan's email messages to the Plaintiff in New York and telephone conversations with the Plaintiff while he was in New York do not constitute business activity conducted by her, and are not sufficiently purposeful for jurisdiction. *See Paterno v.*

Case 1:13-cv-08022-GBD Document 36 Filed 07/07/14 Page 6 of 7

*Laser Spine Inst.*, 973 N.Y.S.2d 681 (2d Dep't 2013); *Kimco Exch. Place Corp. v. Thomas Benz, Inc.*, 824 N.Y.S.2d 353 (2d Dep't 2006).

While the Complaint alleges several specific communications made from Dhawan to the Plaintiff in New York, it cannot be concluded that Dhawan "projected [herself] into New York in such a manner [as to] purposefully avail [herself] . . . of the benefits and protections of [New York] law[ ]." *Paterno*, 973 N.Y.S.2d at 687 (citations omitted). Dhawan's contact with New York consisted solely of discussing and issuing Plaintiff's assignments, scheduling, and discussing Plaintiff's relocation plans. Dhawan did not solicit business in New York, did not individually contract with any person in New York, and did not conduct any other purposeful activity within the forum that would constitute a business transaction under § 302(a)(1). *See id.* Further, Dhawan's alleged communications were not intended to do business in New York, but rather the communications focused on doing business outside of New York on behalf of InSightec.[5]

As to Sokolov, the Complaint fails to sufficiently allege that he had any meaningful contact with New York, let alone that he transacted business within the forum for the purposes of § 302(a)(1). The only specific instances of contact between Plaintiff and Sokolov noted in the Complaint—the meeting in Virginia, teleconferences and Skype interview—all took place when Sokolov was outside of New York. While Plaintiff alleges that at times Sokolov communicated assignments to him, Plaintiff fails to point to any specific instances of discriminatory conduct

---

[5] Plaintiff's reliance on *Int'l Healthcare Exch. v. Global Healthcare Exch., LLC.*, 470 F. Supp. 2d 345, 358 (S.D.N.Y. 2007) is unavailing. *See* Pl. Mot. at 17–18; Pl. Supplemental Letter (ECF No. 29) at 1–4. In *Int'l Healthcare Exch.*, the plaintiff was hired to work out of her New York City home office on a permanent basis. 470 F. Supp. 2d at 353. Further, that plaintiff alleged that all of the work assignments she received during her three-month employment constituted repeated instances of disparate treatment on the basis of gender. In the instant case, the plaintiff was hired to work in Dallas, not New York, and the Complaint fails to allege any comparable business activities that give rise to the underlying claims. *See Liberatore v. Calvino*, 742 N.Y.S.2d 291 (1st Dep't 2002) (holding that telephone calls and written communications generally are not a sufficient basis for jurisdiction unless they are shown to have been used by the defendant to actively participate in business transactions in New York).

6

directed at New York by Sokolov. Plaintiff's allegations are insufficient to demonstrate that Sokolov transacted business under § 302(a)(1).

Plaintiff's alternative basis for jurisdiction, under § 302(a)(3)(ii), is also unavailing because he has not alleged that the Individual Defendants derived substantial revenue from interstate or international commerce. Plaintiff's only allegation with respect to the "substantial revenue" prong of § 302(a)(3)(ii), is that "InSightec is in the business of manufacturing and selling globally advanced…equipment…." Compl. ¶ 19. Plaintiff's assumption that income derived from an employer's interstate revenue satisfies this requirement is erroneous. *See Int'l Healthcare Exch.*, 470 F. Supp. 2d at 360 (noting that "the revenue of a corporation is imputed to individuals for jurisdictional purposes only if they are major shareholders"). No allegations as to the Individuals Defendants' as shareholders have been made and jurisdiction is accordingly lacking under § 302(a)(3)(ii).

## Conclusion

The Individual Defendants' motion to dismiss for lack of personal jurisdiction is GRANTED. Defendants Dhawan and Sokolov are hereby dismissed from this case.

The Clerk of Court is directed to close motion #16 on docket 13-cv-8022.

Dated: July 7, 2014
      New York, New York

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge